**LIPSITZ et al. v. FIRST NAT. BANK OF GORDON et al. (No. 773–4752.)***

Commission of Appeals of Texas, Section B.
April 20, 1927.

**1. Judgment ⬅⬆526—In construing ambiguous judgment, court may look to pleadings, issues, testimony, and facts found by court.**

In construing an ambiguous judgment, it is proper to look to pleadings, to issues made in case, to testimony offered by parties in support of their respective pleadings, and facts found by court as evidenced by its judgment.

**2. Descent and distribution ⬅⬆83—Judgment in suit by children to recover deceased mother's half interest in land, held to give children mother's interest subject to payment of community creditors.**

Judgment in suit by children against father and his second wife and others to cancel deeds of trust and for recovery of deceased mother's half interest in land, *held* to give children their mother's interest in lands subject to payment of particular amounts due community creditors.

**3. Husband and wife ⬅⬆273(4)—Where husband conveyed community land in trust for benefit of creditors, after cancellation of instruments as to wife's half interest, instruments were void except as to beneficiaries of husband's interest in lands.**

Where husband conveyed community property in trust for benefit of creditors, and deceased wife's children had deed canceled as to her half interest, trustee in conveyance was trustee for beneficiaries in instruments of husband's interest in land to extent of their respective claims against him, but beyond that the instruments were void.

**4. Trusts ⬅⬆102(1)—Trustee under void instrument, receiving proceeds of sale of land with intention of denying parties entitled thereto to full satisfaction of their demands, was trustee in invitum.**

Where trustee under void instrument received proceeds of sale of land with intention of denying to parties entitled thereto full satisfaction of their respective demands as measured by judgment, he was a trustee in invitum.

**5. Trusts ⬅⬆91—"Constructive trusts" are those which arise purely by construction of equity.**

"Constructive trusts" are those which arise purely by construction of equity, and are entirely independent of any actual or presumed intention of parties.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Constructive Trust.]

**6. Judgment ⬅⬆691—Parties represented by trustee, in whose conduct they acquiesced, were bound by judgment.**

Parties represented in suit by trustee, in whose conduct they acquiesced, were bound by judgment.

**7. Assignments for benefit of creditors ⬅⬆288 —Creditors entitled to money in trustee's hands could bring suit and recover same.**

Defendant having received proceeds of sale of lands for creditors as trustee and having refused to deliver same, creditors could recover portion to which they were rightfully entitled.

**8. Husband and wife ⬅⬆273(4)—Conveyance by husband of community property in trust for creditors, having been set aside as to wife's interest, was inoperative as to community creditors.**

Conveyance by husband of community property, having been canceled as to wife's half interest, was no longer operative as to community creditors, and did not affect their rights to participate in distribution of proceeds of sale of her half interest.

---

⬅⬆For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Judgment modified 295 S. W. ⸻

**9. Limitation of actions** ⬤=66(7)—**Creditors for whom trustee accepted money were not under duty to assume that he would not pay moneys belonging to them until demand was made.**

Creditors for whom trustee accepted proceeds of sale of land, were not under duty to assume that trustee would not pay out of such fund money belonging to them as stated in judgment until after demand had been made upon him and refusal had been received.

**10. Assignments for benefit of creditors** ⬤=321 —**Trustee for creditors was under no obligation to pay creditors from proceeds of sale of land until he actually received money.**

Trustee for benefit of creditors was under no obligation to pay creditors money received as proceeds of sale of land until he actually received money.

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

Suit by the First National Bank of Gordon and others against Louis Lipsitz and others. Judgment for plaintiffs was reformed and affirmed by the Court of Civil Appeals (288 S. W. 609), and defendants bring error. Affirmed.

Spence, Smithdeal, Shook & Spence, of Dallas, for plaintiffs in error.

Jno. H. Eaton, of Gordon, and Ritchie & Ranspot, of Mineral Wells, for defendants in error.

SHORT, J. Since the basis of this litigation is a final judgment rendered in Rice Heirs v. Louis Lipsitz et al., and since that case was tried twice in the district court and appeals were prosecuted therein to the Court of Civil Appeals, wherein opinions were written which are reported in 211 S. W. 293, and 233 S. W. 594, we refer to those opinions as part of the statement necessary to be made in order that the controversy involved in this case can be clearly understood. The statement of the nature and result of this suit as made by the defendants in error here, who were appellees in the Court of Civil Appeals, in their brief filed in that court, is adopted by us, and is as follows:

"This suit grows out of a previous suit in the district court of Palo Pinto county, styled Lee Rice et al. v. Louis Lipsitz et al., and numbered 4659 on the docket of the court, wherein Lee Rice and other children of Lois E. Rice, deceased, the first wife of J. R. Rice, sued J. R. Rice and his second wife, and Louis Lipsitz and A. M. Barrett, trustees in certain deeds of trust theretofore executed by Rice individually and as community administrator for the benefit of his creditors; the object of that suit being to cancel said deeds of trust and for recovery of a one-half interest in 19 tracts of land and for partition, etc.

"The first deed of trust was executed by J. R. Rice alone to A. M. Barrett. The deed of trust to Lipsitz was thereafter executed by J. R. Rice individually and as community ad-ministrator, joined by his wife, Kathryn Rice, and A. M. Barrett; the latter having been named as trustee in the first instrument. The property conveyed was at an agreed valuation of $15,000, which was to be prorated on the debts of all of the creditors. The property at the agreed valuation of $15,000 was sufficient to liquidate 53 per cent. of the claims of creditors.

"The plaintiffs in cause No. 4659 sought cancellation of the deeds of trust and recovery of the property on the ground that the demands of the creditors were the individual debts of their father, J. R. Rice, and not community debts, for fraud, and because the execution of the instruments was procured by coercion, and because in the execution of same Rice was not acting for or in the best interest of the community estate, because the bond of J. R. Rice as community survivor was insolvent at the time he gave it, etc.

"Among other defenses in cause No. 4659, the defendants pleaded that the demands of certain of the creditors were community indebtedness, and that they should be made a charge against the property in the event of recovery by the plaintiffs.

"Upon the final trial of cause No. 4659, all issues relating to the invalidity of the deeds of trust were resolved in favor of the plaintiffs Lee Rice and others, and same were canceled and held void.

"In answer to special issues Nos. 9 and 10, the jury found the following claims of creditors, together with interest thereon from April 5, 1915, to be community debts, to wit: First National Bank of Gordon, $2,660; Jim Cox, $1,100; Mrs. Anderson, $110.

"The court further expressly found that 53 per cent. of the community debts above mentioned was not an adequate consideration for the consideration for the conveyance of the property therein described in the deed of trust to Lipsitz.

"By the terms of the decree, the plaintiffs therein recovered an undivided half interest in the 19 tracts of land involved, and were awarded and decreed a partition; their interest, however, being charged with the following amounts on account of the community claims above mentioned: First National Bank of Gordon, $704.80; James Cox, $291.50; Mrs. M. A. Anderson, $29.15—together with interest thereon at 6 per cent. from April 5, 1915, being 53 per cent. of one-half of the claims.

"The decree further provided that, in the event of a failure of the Rice heirs to pay said amounts, order of sale should issue, and that the property set aside to the said heirs should be sold in satisfaction of said amounts. Same not having been paid, the property thereafter, following the affirmance of the judgment on appeal, and following partition, was sold by the sheriff of Palo Pinto county and the proceeds thereof to the extent of $1,832.90 paid over to the said Louis Lipsitz.

"The defendants in that cause were Lipsitz, Barrett, J. R. Rice, and wife, Kathryn Rice. This judgment upon appeal was affirmed April 16, 1921. Lipsitz v. Rice (Tex. Civ. App.) 233 S. W. 594.

"Upon demand of First National Bank of Gordon and James Cox, Lipsitz refused to pay over to them the amounts so recovered; he

---

⬤=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

claiming that the individual creditors of Rice were entitled to pro rata shares of same.

"The instant suit was instituted by the First National Bank of Gordon and James Cox against the defendant Louis Lipsitz, in which all the other creditors of J. R. Rice were made parties defendant, with the allegation that they were claiming an interest in the fund.

"The plaintiffs (appellees) sought a recovery on three separate and distinct grounds.

"(1) On the ground that, according to the judgment in cause No. 4659, the recovery by Lipsitz as trustee was for and on behalf of the community creditors only and not for the benefit of Rice's individual creditors.

"(2) That, if the decree in cause No. 4659 upon a proper construction did not in terms or according to its true intention and meaning so provide, then that such in fact was the judgment and decree of the court, and that the entry of the judgment should be so corrected and reformed as to so provide.

"(3) That, if it should be determined that the judgment in cause No. 4659 should be held to provide for a recovery by Lipsitz for the use and benefit of all creditors of J. R. Rice, and that such was in fact the judgment and decree of the court rendered in that cause, then that same was a fraud upon the rights of the appellees; that the individual creditors of J. R. Rice were entitled to and had no interest in said recovery, the said community claims being the sole property of the plaintiffs; that plaintiffs would not be bound by the said decrees not being parties to the said cause, individually or otherwise, except in so far as the said Lipsitz undertook to represent them; that said deeds of trust were expressly canceled by the terms of said decree, and that the consideration to appellees for the execution thereof and the confirmatory agreement, had wholly failed; and that appellees were entitled to recover their claims, regardless of that judgment, all parties at interest being parties hereto.

"In addition to the funds in the hands of Lipsitz the plaintiffs sought judgment against Lipsitz for the remainder or for 47 per cent. of their claims chargeable against the property awarded the Rice heirs on account of fraud and gross negligence as detailed in their petition.

"Trial was before the court who rendered judgment in favor of plaintiffs."

The Court of Civil Appeals found that the trustee Lipsitz was not guilty of any bad faith or any actual fraud in defending the suit brought by the Rice heirs. It also found that the land adjudged to the Rice heirs, upon which a lien was fixed, foreclosed, and sold to satisfy that portion for which the Rice heirs were held to be responsible for the community debts of J. R. Rice and the estate of his deceased wife as ordered in the judgment in cause No. 4659, brought its full value, and that all of this money was turned over to the plaintiff in error, Lipsitz, the net amount of which, after paying expenses, subject to distribution among the creditors, according to the judgment rendered in said above-numbered cause, amounted to a few dollars more than $1,800, with interest thereon from a certain date.

The plaintiff in error Lipsitz contended that this sum of money should be divided in pro rata proportions according to the respective amounts of the debts among all the creditors named in the instruments, by virtue of which he acted in the premises, and, having refused to deliver to the defendants in error the sums stated in the judgment rendered in cause No. 4659 to be debts owing by the community interest in the lands of Lois E. Rice, deceased, this suit was instituted with the result as above indicated, the trial court rendering judgment against Lipsitz as trustee for an amount something less than $3,000, with interest on certain portions from certain dates, finding that he had been guilty of negligence in not protecting the interests of the defendants in error to the extent of the full amount of their claim against the property adjudged to the heirs of the deceased wife, Lois E. Rice, the original plaintiffs in cause No. 4659. The Court of Civil Appeals, while holding that the trustee Lipsitz was guilty of negligence in making his defense to the original suit, inasmuch as the land recovered by the heirs of the deceased wife of J. R. Rice was sold for its full value, and this fund represented all that the defendants in error could claim, including M. A. Anderson, who was not one of the plaintiffs in this suit, modified the judgment of the district court, and as modified affirmed the judgment of the district court for the defendants in error for their proportionate part of this fund specifically stating the amounts. 288 S. W. 609.

Motion for rehearing having been filed in and overruled by the Court of Civil Appeals on the part of plaintiffs in error, a writ of error was successfully prosecuted to the Supreme Court, in which application for the writ 21 assignments of error are made. However, in the view we have taken of the case, it will not be necessary to discuss these assignments of error separately. The Supreme Court granted the application for the writ upon the following assignment:

"The trial court erred in that part of its judgment embraced in the second subdivision of the same, wherein he rendered judgment and allowed recovery against Louis Lipsitz individually, which is based upon the claim that the said Louis Lipsitz was guilty of some fraud perpetrated upon plaintiffs or of negligence in discharging some duty to them, because there was no evidence in the record showing or tending to show that said Lipsitz was guilty of any fraud or negligence. On the contrary, the evidence showed conclusively and without dispute that said Lipsitz was trustee for all the beneficiaries in the deed of trust to Barrett and in the deed to himself, which two instruments were ratified and confirmed by the plaintiffs herein and by Mrs. M. A. Anderson, as well as all the other defendants herein, and said instruments, when taken and construed together, were a contract mutually binding upon all the parties thereto, constituting and appointing said Louis Lipsitz trustee to act for all of said parties, and bound and obligated him to see

that all benefits out of or derived from said instruments should be equally distributed pro rata, without preference, to and among all of said parties, and the evidence showing that he so acted, his acts were lawful and binding upon these plaintiffs, and gave no cause of action to plaintiffs against him."

It will be noted that the Court of Civil Appeals in rendering its judgment did not render a judgment against Louis Lipsitz based upon the alleged fraud committed by him, nor upon any negligence upon his part in discharging some duty owing to the defendants in error by him. Upon the contrary, the Court of Civil Appeals expresssly found that Lipsitz was not guilty of any actual fraud, and that, while he was guilty of negligence, yet no recovery was allowed on that ground for reasons sufficiently stated in the opinion. The court merely rendered judgment against him for that portion of money admitted by him to be in his hands subject to distribution among the rightful owners, adjudging the defendants in error to be the rightful owners of a certain portion of said sum.

The record shows that J. R. Rice was married to his first wife, Lois E. Rice, in the year 1881, and that the latter died intestate on the 22d day of March, 1909, during which time the 19 tracts of land involved in the controversy evidenced by the cause numbered 4659 were acquired and by virtue of which fact one-half of these lands descended and vested in the children of Lois E. Rice, the original plaintiffs in the above-numbered cause, subject, of course, to the payments of the debts by the community estate of J. R. and Lois E. Rice, and J. R. Rice was a merchant in the town of Gordon, Palo Pinto county, Tex., and at the death of his first wife had on hand a large stock of goods of the value of about $13,000, besides a large quantity of other personal property, including money and accounts. At that time he was indebted in a sum less than the value of the stock of goods. Most of these debts he seems to have paid, as the jury found in cause No. 4659 that at the time of the trial of that case there were remaining of these original debts only those belonging to the defendants in error and Mrs. M. A. Anderson. J. R. Rice, having again married, and in the meantime having continued in the mercantile business, made other debts, and these debts were due the persons named as beneficiaries in the instrument under which the trustee acted, except the defendants in error and Mrs. M. A. Anderson. On the 10th day of March, 1911, J. R. Rice qualified as administrator of the community estate of himself and his deceased wife, by giving a bond and filing inventory in the probate court. It seems that he had, after the death of his first wife, continued to transact his business and to control all the community estate of himself and his first wife in the same way as he had during his marriage with her, and that the qualifying as administra-

tor did not make any change in his management of this estate. Having become involved in debt after the death of his first wife, on December 1, 1913, he executed a deed of trust to A. M. Barrett, conveying all of his property, including all that estate belonging to the estate of Lois E. Rice, deceased, with authority to sell and distribute the proceeds among the creditors. Apparently Barrett did dispose of all the personal property, but made no sales of any of the lands, and thereafter, on the 5th of April, 1915, J. R. Rice, for himself and as administrator, joined by his wife, Kathryn Rice, and A. M. Barrett as trustee, executed a written instrument in favor of Louis Lipsitz as trustee, wherein and whereby the grantors undertook to convey to the said Louis Lipsitz for the consideration of $15,000 all of these lands; the $15,000 to be credited on the various debts claimed against J. R. Rice by the beneficiaries in said instrument, being the parties to this suit. These parties executed an instrument confirming the action of the grantors in the instrument last mentioned.

[1, 2] It is always proper, in construing an ambiguous judgment, to look to the pleadings, to the issues made in the case, to the testimony offered by the parties in support of their respective pleadings and the fact or facts found by the court as evidenced by its judgment. Construing the judgment rendered in cause No. 4659 in the light of the pleading, the issues, and the facts as disclosed by the judgment, it is evident that the Court of Civil Appeals correctly construed the rights of the parties in this suit thereunder. In suit No. 4659, the heirs at law of Lois E. Rice, deceased, sought to recover their mother's interest in the 19 tracts of land, alleging that at the time of the death of their mother there were no debts existing against the community estate of their mother and father, but, if there were, that all such debts had been paid by their father by using community property for that purpose. The defendants in that case interposed by their pleadings the contention that the community estate of J. R. and Lois E. Rice, deceased, was liable for the payment of community debts, alleging that all of the claims represented by the trustee Lipsitz under the authority of the instruments executed by them and delivered to him were of that character. The court submitted to the jury this issue, and the jury in response thereto found the claims only of the defendants in error in this case to have been such community debts. In the suit No. 4659, judgment was rendered in favor of the heirs at law of Lois E. Rice, deceased, for an undivided one-half interest in the 19 tracts of land, but adjudged that this interest was liable for a certain portion of these debts belonging to the defendants in error, specifying the amounts. Clearly, the true construction of this judgment was to give to these children of Lois E. Rice their mother's interest in

these lands, subject to the payment of these particular amounts due to these particular creditors who are the defendants in error in this case.

It will also be noted that the judgment in cause No. 4659 canceled the instruments executed by J. R. Rice and the others in so far as the same related to the interest of the heirs of Lois E. Rice in these lands. Let us suppose that these heirs, the original plaintiffs in cause No. 4659, had seen fit to pay to these creditors, the defendants in error in this case, the sums of money adjudged against them in said cause. This payment would have relieved these lands of this lien. Since they did not do this, the lands were sold by the sheriff by virtue of the foreclosure proceedings, and the proceeds of this sale represented the full value of the interest of these heirs. Hence we conclude this fund truly represented in money the value of the interest of these heirs and properly measured the rights of the parties thereto in this case.

[3-5] Pursuing the simile further, let us suppose that Lipsitz had acquiesced in the disposition of this money thus made by its payment to the defendants in error on the part of these heirs, and the beneficiaries other than these defendants in error and Mrs. M. A. Anderson had sought to hold Lipsitz as trustee responsible for their alleged pro rata share of this fund, alleging and proving that the defendants in error had become insolvent, whereby they sought to recover damages based on the alleged negligence of Lipsitz in failing to assert as trustee for them his right to the possession of this money. Now, if in such a proceeding Lipsitz could have been made responsible to these beneficiaries in such a suit, such a responsibility must have been placed upon him by reason of some duty he owed to them as trustee by virtue of these instruments canceled as aforesaid. The statement of such a controversy is sufficient to demonstrate the fact that Lipsitz could not thus have been made responsible to these beneficiaries and that a judgment for him must have resulted under proper pleadings and proof of the facts shown by this record. When Lipsitz received from the sheriff the proceeds of the sale of the interest of these heirs in these lands under the circumstances existing at the time, he was not acting under any express trust created by the deed of trust executed in his favor. It is true that his express trust was measured by the instruments conveying these lands to him in so far as these instruments had not been canceled. He was trustee for the beneficiaries in the instrument of the interest of J. R. Rice in these lands to the extent of their respective claims against him. To that extent these instruments were in full force and effect. Beyond that they were void. Being void, his acceptance of the money from the sheriff as the proceeds of the sale of the interest of these heirs in these lands, with the intention of denying to defendants in error the full satisfaction of their respective demands as measured by the judgment rendered in cause No. 4659, made him a trustee in invitum. The reception of this money created in favor of the defendants in error and Mrs. M. A. Anderson a constructive trust in Lipsitz. Constructive trusts are those which arise purely by construction of equity; and are entirely independent of any actual or presumed intention of the parties. Olcott v. Gabert, 86 Tex. 121, 23 S. W. 985; Bouvier's Law Dictionary; Currence v. Ward, 43 W. Va. 367, 27 S. E. 329.

[6, 7] The judgment in cause No. 4659 is binding on all the parties to this suit, since they were represented in the former suit by Louis Lipsitz, in whose conduct of it they evidently acquiesced. The facts in that case, declared by the judgment rendered therein, in so far as material to a decision of this case, must be considered as true. Among these facts is that the amounts claimed by the defendants in error were debts due by the community estate of J. R. Rice and Lois E. Rice, deceased. Another fact shown by the record is that the portion of the lands belonging to the estate of Lois E. Rice which were chargeable with the debts due to the defendants in error had been converted into cash, and this cash been delivered to Louis Lipsitz, who had accepted the same, and under the facts found by the record had imposed upon him the duties and responsibilities of a trustee for the defendants in error to the extent of their claims against the community estate of said J. R. and Lois E. Rice, deceased. Having refused to deliver to the defendants in error this money so found by the courts as belonging to them, the law justified the defendants in error in bringing suit, and the law compels the courts to render the judgment which the Court of Civil Appeals has rendered. Hendrix v. Nunn, 46 Tex. 141; Mixon v. Miles (Tex. Civ. App.) 46 S. W. 107; Smith v. Cornett (Ky.) 80 S. W. 1188.

[8-10] The instruments executed by J. R. Rice and the other grantors, as well as the instrument executed by the beneficiaries in the original instrument, in so far as they affected the lands belonging to the heirs of Lois E. Rice, deceased, and, in so far as they affected the funds in the hands of Louis Lipsitz representing the full value of said lands having been canceled by the judgment rendered in cause No. 4659, are no longer operative and do not affect the rights of the respective parties to participate in the distribution of this fund. The defendants in error had no right to assume and were not under the duty to assume that Louis Lipsitz would not pay over to them out of these funds, moneys belonging to them as stated in the judgment rendered in cause No. 4659 until after a demand had been made upon him and a refusal had been received to com-

ply with this demand. Neither was Louis Lipsitz under any obligation to pay to defendants in error this money until he had actually received it. The facts as disclosed by the record in cause No. 4659 in conjunction with the facts disclosed by the record in this case are so conclusive, and the principles of law applicable thereto are so well recognized, that it is unnecessary to prolong this discussion.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.