**FIDELITY UNION CASUALTY CO. et al. v. RILEY.**

No. 10586.

Court of Civil Appeals of Texas. Dallas.

March 22, 1930.

Leachman & Gardere and Collins & Houston, all of Dallas, for appellants.

Webb & Webb, of Sherman, for appellee.

JONES, C. J.

This is a workmen's compensation suit in which the employer was Peveto Brothers of Sherman, the injured employee was J. L. Riley, appellee, the Fidelity Union Casualty Company, one of the appellants, was the carrier of compensation insurance, and the Texas Power & Light Company, a corporation, is the other appellant whose negligence, it is alleged, was the proximate cause of appellee's injuries. For convenience the appellants will be styled, respectively, the Casualty Company and the Power & Light Company. From a judgment in favor of appellee against the Casualty Company it has appealed, and from a judgment in favor of the Casualty Company against the Power & Light Company it has appealed.

Appellee received his injuries while working in the scope of his employment with his employer, and duly filed a claim for compensation with the Workmen's Compensation Board. An award was regularly made on this claim by the board, which award appellee declined to accept, and duly filed suit in the district court of Grayson county to set aside the award and to recover the damages allowed by the Workmen's Compensation Law (Rev. St. 1925, §§ 8306–8309, as amended) for injuries resulting in total and permanent incapacity to work. While appellee was engaged in his duties as an employee of Peveto Brothers, he was struck by a truck owned by the Power & Light Company and operated by one of its employees, as a result of which he suffered severe and permanent injuries. These injuries resulted in total and permanent incapacity, as that term is used in the Workmen's Compensation Act.

The Casualty Company in its answer contested appellee's claim as to the extent of his injuries and as to the amount of compensation that he was entitled to receive. It also impleaded the Power & Light Company, and sought to recover against it the amount of the claim that should be adjudged against the Casualty Company in favor of appellee and for the benefit of appellee for any excess of the amount it would have to pay appellee that might be awarded on its cross-action against the Power & Light Company.

The Power & Light Company answered the cross-action of the Casualty Company, (1) by plea in abatement, (2) by general and special exceptions, and (3) by answer to the merits of such cross-action. Appellee joined in this plea of abatement, and insisted that the Cas-

ualty Company's claim against the Power & Light Company could not be maintained in this suit. The plea in abatement embraced an allegation of misjoinder of causes of action, in that the suit alleged by appellee was one sounding in contract, and the suit alleged by cross-action was one sounding in tort; that the suit alleged in the Casualty Company's cross-action was prematurely brought, in that such company had not paid or assumed to pay any sum of money to appellee, and therefore could not claim in this suit the alleged right of subrogation allowed by the Workmen's Compensation Law; and that appellee's suit and the Casualty Company's suit are of such a different character as that confusion in the minds of the jury as to the issues involved in such suits would inevitably result. This plea in abatement was duly presented and overruled; exceptions being duly reserved by the Casualty Company and appellee.

The case was tried to a jury and findings made that entitled appellee to a judgment for weekly compensation totalling $5,052.60. The jury, however, found facts which entitled appellee to a lump sum payment of this allowance, and the court entered judgment for such a payment in the sum of $4,359.70, being the present value of the amount of the weekly compensation. The jury returned findings of fact on the special issues submitted in the cross-action of the Casualty Company against the Power & Light Company, and assessed the damages at the sum of $3,800, for which sum judgment was duly entered in favor of the Casualty Company. The findings of the jury in each suit were supported by evidence, and are adopted as findings of this court, and are a sufficient warrant for the judgment entered.

The Power & Light Company, by proper assignments of error, urges that the court erred in overruling its plea of abatement, and, as such plea of abatement is determined from the pleadings of the parties, further urges that this court should reverse and render judgment in its favor by dismissing the cross-action. This appellant also assigns numerous other errors in the trial on its merits of the suit against it. It will not be necessary to discuss these assignments.

Appellant urges, by proper assignments of error, that the judgment in favor of appellee should be reversed, for the reason, (a) that the findings of the jury of facts, requiring the entry of a judgment against it for a substantially larger sum than was assessed in its favor against the Power & Light Company, conclusively showed a prejudice against the Casualty Company; (b) because of error in the manner of the submission of the issue of lump sum settlement; and (c) because of its various assignments of error on the admission of evidence offered by appellee.

Should the plea of abatement have been sustained? This may be determined: (1) By a construction of sections 5 and 6a of article 8307, R. S. 1925. Section 5 provides for an appeal to a court of competent jurisdiction from an award of the Compensation Board by a party directly interested in such award. Section 6a gives to an injured employee, whose employer is a subscriber, where his injury was occasioned by a third party, the option to present his claim under the Workmen's Compensation Law, or to pursue a claim for damages at common law against the third party, and, where such injured employee has exercised his option to claim damages under the Workmen's Compensation Law, a right of subrogation to the injured employee's claim against the third party is given to the compensation carrier, and allows the compensation carrier such suit under conditions set out in such section. (2) If the joinder of these causes of action is neither authorized nor forbidden by these statutes, then is such joinder permitted by the general law independent of these statutes?

So much of section 5 as bears on the issues under review is as follows:

"All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall within twenty days after the rendition of said final ruling and decision by said board give notice to the adverse party and to the board that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision and said board shall proceed no further toward the adjustment of such claim, other than as hereinafter provided. Whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this law and the suit of the injured employee or person suing on account of the death of such employee shall be against the association if the employer of such injured or deceased employee at the time of such injury or death was a subscriber as defined in this law. If the final order of the board is against the association, then the association and not the employer shall bring suit to set aside said final ruling and decision of the board, if it so desires, and the court shall in either event determine the issues in such cause instead of the board upon trial de novo and the burden of proof shall be upon the party claiming compensation. In case of recovery the same shall not exceed the maximum compensation allowed under the provisions of this law."

The jurisdiction of the district court to entertain such a suit rests exclusively upon the provisions of this statute. While it is a trial de novo in the district court, it is nevertheless an appeal from the judgment of the Workmen's Compensation Board, and must be tried on the issues that had been determined by such board. The amount of damages to be assessed does not rest in the discretion of the jury or court, but rests in the mandate of the statute after a jury or court has determined the character and extent of the injury and the average weekly earnings of the employee. When these findings have been made, it then becomes the duty of the court to enter judgment for compensation in accordance with the terms of the statute fixing compensation for the character of injury received, based on the average weekly earnings of the complaining employee. The outstanding purpose of the Workmen's Compensation Law is to give a full, complete, and speedy remedy for injuries suffered by an employee while engaged in the scope of his employment. The court should not permit this purpose to be destroyed or impaired by any proceedings that might tend to delay such speedy determination of the rights of an injured employee; nor should the courts permit proceedings that would tend to confuse the jury in passing upon the simple issues prescribed by the law for determination of the rights of an injured employee. Fidelity Union Casualty Co. v. Munday (Tex. Civ. App.) 26 S.W.(2d) 676. The determination of the rights of an injured employee under this law must be held paramount to a determination of the rights of other parties that might incidentally be or become involved. With this dominant purpose of the law in view, we hold that the intention of the Legislature, in enacting that portion of section 5 above quoted, is to permit only a trial in the court, to which an appeal from the award of the board is taken, of the issues determined by the board and only between the parties who were before the board.

The right to the subrogation asserted by the Casualty Company against the Power & Light Company is given in section 6a. This section reads:

"Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employee or his legal ben-

eficiaries, then the association shall be subrogated to the rights of the injured employee in so far as may be necessary and may enforce in the name of the injured employee or of his legal beneficiaries or in its own name and for the joint use and benefit of said employee or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employee or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employee or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employee or his beneficiaries and the approval of the board, upon a hearing thereof."

Under this statute, appellee could have elected to pursue his remedy for damages to compensate him for the injuries received by bringing a common-law action for damages against the Power & Light Company, or he could elect to prosecute a claim for compensation for his injuries against the Casualty Company under the provisions of the Workmen's Compensation Law; but the statute compels him to make an election, as it declares in mandatory terms that he cannot pursue both remedies, and, if he elects to pursue his remedy at common law, he cannot claim compensation under this law. When appellee filed his claim for compensation because of injuries, he exercised the option allowed, and made an election to pursue a claim for compensation under the Workmen's Compensation Law. By the election thus made, the Casualty Company became subrogated, under the terms of the statute, to the rights of appellee against the Power & Light Company to the extent only of reimbursement for the sum "paid or assumed" as compensation to appellee under the provisions of the Workmen's Compensation Law. When can the Casualty Company assert such right? Manifestly, not until it has paid or assumed to pay the amount awarded to appellee in his claim against it. As long as it is contesting such claim and refusing to pay compensation for appellee's damages, it is not in a position to assert its right of subrogation, for such right has not matured.

When appellee filed his suit in the district court to set aside the award and to recover the statutory damages against the Casualty Company, if he had made the Power & Light Company a party to such suit in the same manner and to accomplish the same purpose of the Casualty Company's suit against the Power & Light Company, and presented same

in a separate count in his petition, such count would be subject to dismissal, either on special exception or plea in abatement. Such holding must necessarily follow from the mandatory declaration of the statute that he cannot proceed against both parties.

The injured employee is a beneficiary party in a suit by the compensation carrier to enforce its right of subrogation against the Power & Light Company. It has been held that, after the employee has prosecuted his claim for damages to a final judgment under the Workmen's Compensation Law, and if the compensation carrier does not then pursue his right of subrogation against the third party causing the injury of the employee, then such injured employee, having such beneficiary interest in the suit, may on his own initiative bring suit, making such compensation carrier a party thereto. Hanson v. Ponder et al. (Tex. Com. App.) 300 S. W. 35; Electric Ry. Co. v. Reinle (Tex. Civ. App.) 264 S. W. 783.

No decision, however, has been rendered authorizing the joinder in the injured employee's suit for statutory compensation under the Workmen's Compensation Law with the compensation carrier's suit for subrogation. We have seen that the injured employee is forbidden to join such suits by the express terms of this statute. It would violate these express terms to permit such suit to be joined for his benefit on the initiative and at the instance of the Casualty Company, the defendant in appellee's suit. In the instant case, appellee was seeking a recovery of damages under the Workmen's Compensation Law, and on the cross-action of the Casualty Company an additional recovery is sought for appellee in the common-law action of the Casualty Company against the Power & Light Company. In other words, there is done for appellee in this suit indirectly that which he could not himself do directly. The limitation placed on appellee in this respect is necessarily a limitation on the Casualty Company in respect to the same subject-matter.

█ Without reference to the provisions of sections 5 and 6a of article 8307, supra, and under the general rules of practice obtaining in this state, we are of opinion that there was a misjoinder of causes. Not only is appellee's suit dependent on the statutes, but the measure of damages is purely statutory. The measure of damages in appellee's suit and the measure of damages in the Casualty Company's suit are entirely different from each other, and depend in a great measure on different facts. Evidence admissible and competent in appellee's suit, especially on his claim that a manifest hardship and injustice would result to him unless he was paid the statutory damages in a lump sum, in the main, would not only be incompetent, but, if

admitted in the Casualty Company's suit, would be reversible error. The defense, if the injuries were received while appellee was not working in the course of his employment with Peveto Brothers, available to the Casualty Company, is not a defense available to the Power & Light Company; likewise, the common-law defenses of assumed risk, contributory negligence, and inevitable accident, available to the Power & Light Company, could not be urged by the Casualty Company as defenses to appellee's suit. For these reasons we believe that the trial of the suit of appellee against the Casualty Company and the trial of the subrogation suit of the Casualty Company against the Power & Light Company, if joined, would necessarily result in such confusion of the minds of the jury as to the issues in both suits as to render a joinder of the two suits impracticable, even with our liberal doctrine in reference to the joinder of causes of action. U. S. Fid. & Guar. Co. v. F. N. Fossati et al., 97 Tex. 497, 80 S. W. 74; John A. Frey et al. v. Railway Co., 86 Tex. 465, 25 S. W. 609; Skipwith v. Hurt (Tex. Civ. App.) 58 S. W. 192; Coutlett et al. v. Mortgage Company et al. (Tex. Civ. App.) 60 S. W. 817.

It is therefore our opinion that the trial court should have sustained the plea in abatement, filed by the Power & Light Company and joined in by appellee, and that the judgment rendered against the Power & Light Company must be reversed and the suit of the Casualty Company against the Power & Light Company dismissed. This order is entered without prejudice to the right of the Casualty Company to bring its suit for subrogation whenever the contested claim of appellee against it is determined by a final judgment.

█ Do the assignments of error of the Casualty Company as to the judgment obtained by appellee show reversible error? The judgment entered against the Casualty Company is for the sum of $4,359.70, the present value of the lump sum payment. The judgment rendered in favor of the Casualty Company against the Power & Light Company is for the sum of $3,800. It is urged that this is such an inconsistent and contradictory finding as to show prejudice against the Casualty Company, or to show such an utter disregard of their oaths by the jury as to vitiate the verdict and require that it be set aside and a new trial awarded. To this contention we cannot agree. The jury only found the facts in reference to the extent of appellee's injury and the average weekly earnings, and, upon the facts so found, the court, and not the jury, determined the amount of the judgment. This amount was ascertained by the court on these findings, and was not assessed by the jury. In the suit of the Casualty Company the amount of the verdict largely rests in

the discretion of the jury. We overrule this contention.

 It is urged that reversible error was committed in the manner in which the issue of lump sum payment was submitted to the jury. While this assignment of error was not copied in the brief and only appears in a supplemental brief, we will nevertheless consider it. The issue was thus submitted:

"Should the plaintiff be paid his compensation in a lump sum? In answering this question I instruct you, if you find from a preponderance of the evidence, as that term has been hereinbefore defined to you, that manifest injustice and hardship will result to plaintiff if this be not done, then you will answer 'Yes.' On the other hand, if you fail to find from a preponderance of the evidence that failure to compensate him in a lump sum will result in a manifest injustice and hardship to him, then you will answer this question 'No.'"

The assignment of error in the supplemental brief is:

"The court erred in submitting issue No. 8, because it leaves to the discretion of the jury to award plaintiff's compensation in a lump sum instead of requiring it to find the facts entitling him to a lump sum, as appeared from this defendant's exceptions to the court's charge."

The submission is clearly not subject to the criticism urged in the assignment of error, for the reason that the court required the jury to determine the statutory facts necessary to allow a lump sum payment. We overrule this assignment of error.

In oral argument, the attorney for the Casualty Company withdrew its third proposition, for the reason that the record discloses that the evidence complained of was elicited by the Power & Light Company in its cross-examination of the witness, and that appellee was in no way responsible for the admission of such evidence. So this proposition will not be considered.

We have carefully examined the other assignments of error in reference to the admission of evidence, with the result that we do not believe that any reversible error was committed by the ruling of the court in admitting the evidence objected to. The evidence was either admissible or error in its admission was rendered harmless by reason of the reception of other similar evidence without objection.

It is therefore our opinion that the case, as between the Casualty Company and appellee, should be affirmed.

The judgment of the court in respect to the Casualty Company's suit against the Power & Light Company will be reversed and the case dismissed without prejudice. The judg-

ment between the Casualty Company and appellee is affirmed.

In part affirmed; in part reversed and dismissed.