## FIDELITY UNION CASUALTY CO. et al. v. TEXAS POWER & LIGHT CO.

### No. 10877.

Court of Civil Appeals of Texas. Dallas.

Jan. 24, 1931.

Rehearing Denied Feb. 21, 1931.

Collins & Houston, of Dallas, and Webb & Webb, of Sherman, for appellants.

Leachman & Gardere, of Dallas, for appellee.

JONES, C. J.

This appeal involves the question as to whether the cause of action created by section 6a of article 8307, R. S. 1925, in favor of a compensation carrier against a negligent third party, inflicting an injury upon an employee protected by compensation insurance, can be maintained against a plea of limitation, when more than two years had elapsed from the date of the injury before the institution of such suit, though same was instituted within two years after final judgment was entered in the employee's suit against such compensation carrier. The following are the necessary facts:

Appellant Riley was an employee of Pevito Brothers at Sherman, Tex., and appellant Fidelity Union Casualty Company was the carrier of their workmen's compensation insurance. On November 9, 1927, Riley, an employee of Pevito Brothers, received personal injuries while working in the scope of his em-

ployment, through the negligence of appellee, Texas Power & Light Company. Appellant Riley will be referred to by name, appellant Fidelity Union Casualty Company as casualty company, and the Texas Power & Light Company as appellee. After complying with all necessary provisions of the Workmen's Compensation Law, Riley filed a claim with the Industrial Accident Board, in which he was duly awarded judgment against the casualty company, as compensation for his injuries. Riley elected not to abide by this award and duly filed the statutory suit in the district court of Grayson county, to have the award set aside and to recover judgment for a larger sum than the award. The casualty company contested the amount sought to be recovered by Riley in such suit, and a trial was had on the issues made by the pleadings, which resulted in a judgment in the district court in favor of Riley for a lump sum payment of $4,359.70. The casualty company appealed from this judgment to this court, with the result that the district court judgment was affirmed, as between those parties, and such judgment became a final adjudication between the parties on March 22, 1930. Fidelity Union Casualty Co. et al. v. Riley (Tex. Civ. App.) 26 S. W.(2d) 682. This judgment was paid by the casualty company, and on April 21, 1930, this suit was instituted against appellee by the casualty company for its own benefit, and for the benefit of Riley, with proper allegations to the effect that Riley's injuries were the result of the negligent acts of appellee, its agents and servants. The petition also contains all necessary allegations to bring the suit clearly within the provisions of section 6a, art. 8307, supra.

To this suit appellee, among other defenses, answered by a special exception to the petition, to the effect that the petition showed on its face that more than two years had elapsed from the date of the receipt of the injuries to the institution of this suit, and that by reason thereof the suit is barred by the two years statute of limitation under subdivision 6 of art. 5526, R. S. 1925. This special exception was sustained by the trial court and the suit dismissed. The appeal of the casualty company and Riley has been duly perfected to this court.

Subdivision 6 of article 5526, supra, provides that there shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, an action for injury done to the person of another. If the cause of action asserted in this suit accrued on the day the injuries were inflicted upon Riley and continued as an accrued and enforceable cause of action until the institution of this suit on April 21, 1930, then the petition was subject to the special exception, and there was no error in sustaining it and in dismissing the suit. On the other

hand, if the cause of action asserted in this suit, under the provisions of said section 6a of article 8307, supra, did not accrue until after the casualty company had either paid or assumed to pay to Riley the judgment awarded him under the Workmen's Compensation Act, or if such cause of action be considered to have accrued at the time of the injuries, but that under the provisions of the law creating such cause of action, the parties were disabled by law to institute such suit until after final judgment in Riley's compensation suit against the casualty company, then, in either event, the sustaining of the special exception and the dismissal of the suit was error. These opposing views are presented by the respective briefs of the parties.

As under the terms of the statute invoked by appellee limitation does not begin to run until a cause of action has accrued, the first important inquiry is: When did this cause of action accrue? Under various decisions of this state, though a different rule is applied in some other jurisdictions, the casualty company could not maintain a suit against appellee, under the equitable doctrine of subrogation, as the negligent third party causing the injuries to Riley; for which reason, the Legislature amended the Workmen's Compensation Law, by the enactment of section 6a of Art. 8307, supra. This section reads:

"Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employee or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employee in so far as may be necessary and may enforce in the name of the injured employee or of his legal beneficiaries or in its own name and for the joint use and benefit of said employee or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employee or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employee or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employee or his beneficiaries and the approval of the board, upon a hearing thereof."

There can be no question that a common-law action for personal injuries is barred in this state, under the said limitation statute, unless such suit is instituted on such cause of action within two years from the infliction of the injuries, because such cause of action is full and complete when the injuries are inflicted. The above-quoted statute gave to Riley, on the receipt of his injuries, an option either to institute a suit at common law against appellee, as the negligent third party causing his injuries, or to prosecute his statutory claim against the casualty company as carrier of the compensation insurance protecting him as an employee of Pevito Brothers. If he shall elect to pursue his remedy at common law, he must do so within two years from the time the injuries were inflicted; if he shall elect to pursue the statutory remedy for his injuries against the casualty company, under the Workmen's Compensation Law, he must do so by duly filing a claim for compensation with the Industrial Accident Board within six months from the receipt of the injuries. The statute under review declares that, if he elects to pursue his remedy at common law, then he shall not pursue his statutory remedy; and likewise, if he elects to pursue his statutory remedy, then he shall not pursue his common-law remedy. In the instant case, Riley elected to pursue the statutory remedy. This election prohibits him from instituting an action at common law for damages against appellee, as such right existed prior to his making his election of remedies. When Riley filed his claim for compensation with the Industrial Accident Board, he thereby exercised the option given him by this statute, and there then ceased to exist in his favor the common-law action for damages because of injuries negligently inflicted by the wrongful act of appellee.

When Riley made such election, the casualty company, under the provisions of section 6a, supra, became "subrogated to the rights of the injured employee in so far as may be necessary" to enforce this right of subrogation for the joint use and benefit of itself and Riley; the amount to be recovered against appellee to be appropriated between the parties as directed by the statute. This right of subrogation has existence only in the terms of this statute and it can be enforced only as therein directed. An analysis of this statute shows that the right of subrogation is not absolute, but is contingent upon the happening of the future event, that Riley prosecutes his claim against the casualty company to a successful conclusion. If he be defeated in this claim, then no cause of action against appellee is given to either Riley or the casualty company. It is clear that the contingent event, which will mature the cause of action on the right of subrogation, given in this statute, does not occur in a contested claim of an injured employee against a compensation carrier, until final judgment in favor of the in-

784

jured employee is entered, for only then can the law declare that the compensation carrier has assumed to pay the claim of the injured employee.

Previous to the entry of such judgment no enforceable cause of action existed in favor of the compensation carrier; for it could not be alleged in a petition in a suit to enforce such right that appellee should be adjudged to pay the casualty company or Riley any sum by virtue of this right of subrogation, because such fact was in process of judicial ascertainment. No cause of action, therefore, accrued on the respective claims herein asserted until the final judgment of this court, when the fact, necessary to give the casualty company and Riley an enforceable right, was given the judicial determination contemplated by said statute. As the statute of limitation did not begin to run until the subrogated cause of action for personal injuries accrued, this suit was instituted within the limitation period. Fidelity Union Casualty Co. et al. v. Riley, supra; 37 C. J. 811, § 154 and authorities cited in note.

■ If we be mistaken in our conclusion that the statute of limitation did not begin to run until the entry of final judgment in favor of Riley in the compensation suit, and that such limitation began to run on the date Riley received his injuries, we are nevertheless of the opinion that the same conclusion, under the facts of this case, is inevitable. Riley is forbidden, by the terms of the statute, to institute the suit as a common-law action in his favor to recover any overplus of damages he may be entitled to under the statute, until he has prosecuted his claim for compensation to a final and successful conclusion. While this legislative prohibition to enforce his rights under this statute existed, the law of limitation is suspended. Manes v. Case Threshing Mach. Co. (Tex. Civ. App.) 295 S. W. 281, and authorities cited therein; Lipsitz v. First Nat'l Bank (Tex. Civ. App.) 288 S. W. 609; Id. (Tex. Com. App.) 293 S. W. 563; Meeks Co. v. Hudgins (Tex. Civ. App.) 22 S.W.(2d) 764; Braun v. Sauerwein, 10 Wall. 218, 19 L. Ed. 895; 17 R. C. L. 827–8, § 189; 37 C. J. 1045, § 455.

The effect of the decision in the case of Fidelity Union Casualty Co. v. Riley, supra, is that the casualty company was subject to the same legislative prohibition to which Riley was subject. Previous to the entry of final judgment in Riley's compensation suit, the only manner in which the casualty company could seek to enforce its right of subrogation against appellee was to implead appellee as a codefendant in Riley's compensation suit, and seek by cross-action to recover against appellee on its statutory right of subrogation to Riley's common-law action, whatever sum of money it should be adjudged to pay to Riley. The casualty company attempted to pursue this very course in Riley's compensation suit, but this court sustained appellee's plea in abatement in that case, and dismissed, without prejudice to the casualty company, its cross-action against appellee. The reasons why the casualty company could not pursue such course are stated in the opinion in the former case.

On the above authorities we hold that, in any event, the statute of limitation was suspended from the day Riley filed his claim with the Industrial Accident Board to the date of the entry of final judgment in that case, March 22, 1930, and this suspension is fatal to appellee's claim of limitation.

We therefore conclude that the court erred in holding that this suit was barred by the statute of limitation, and reverse and remand the cause for a trial on its merits not inconsistent with the views herein expressed.

Reversed and remanded.