Cruz **CISNEROS**

v.

**INSURANCE COMPANY OF NORTH AMERICA.**

Civ. A. No. 65–C–83.

United States District Court
S. D. Texas,
Corpus Christi Division.
June 10, 1966.

John J. Pichinson and Hubert L. Stone, Jr., Corpus Christi, Tex., for plaintiff.

Branscomb, Gary, Thomasson & Hall, Richard A. Hall, Corpus Christi, Tex., for defendant.

## MEMORANDUM

GARZA, District Judge.

The Plaintiff brings this action for workmen's compensation benefits, suing for total and permanent disability and for medical benefits under a voluntary workmen's compensation policy issued by Defendant to Plaintiff's employer, King Ranch. Plaintiff alleges that he suffered a compensable injury in the course of his employment, resulting in his permanent and total incapacity, and that he is entitled to medical benefits under the Workmen's Compensation Laws of Texas.

The Defendant contends that Plaintiff did not suffer a compensable injury in the course of his employment; that if he did, it was not disabling, or that any disability was temporary, or that any permanent disability was partial; and that Plaintiff is not entitled to medical treatment.

The case has been set for trial by jury and the parties have filed a pretrial stipulation which contains the Plaintiff's motion in limine that the Court instruct Defendant's counsel and all witnesses not to mention in any manner the effect

of medical treatment and/or surgery upon Plaintiff's disability.

The Defendant opposes this motion, and both parties have filed briefs, requesting a ruling by the Court in advance of trial on what is apparently a novel question.

■ The voluntary compensation policy provides coverage to employees not covered by the Workmen's Compensation Law, but makes such law applicable to the extent that it measures the amount of compensation and other benefits payable where the employee's injuries were such that he would be entitled to compensation under the Workmen's Compensation Law had he been covered by it. It is purely a matter of contract, and the Texas Workmen's Compensation Law has no governing effect as to voluntary compensation except insofar as it is made applicable by the policy. United States F. & G. Co. v. Valdez, 390 S.W.2d 485, CCA Houston, 1965, Ref. n. r. e.

The question here is one of admissibility of evidence: Whether to allow Defendant to adduce evidence of the benefits of surgery in a voluntary workmen's compensation case.

■ Neither the parties nor the Court have found a case on this point. It is, of course, well settled in Texas that in a trial de novo under the Texas Workmen's Compensation Law, the insurer must first admit liability and tender an operation which must be unanimously ordered by the Industrial Accident Board and refused by the claimant before testimony as to the beneficial effects of surgery is admissible. Truck Ins. Exchange v. Seelbach, 161 Tex. 250, 339 S.W.2d 521, 1960; also, 63 T.J.2d, Workmen's Compensation, § 437, and cases cited.

Defendant argues that the procedures outlined in §§ 12b and 12e, Article 8306, Vernon's Ann.Tex.Civ.St., which must be strictly complied with by the insurer, do not apply in a suit under a voluntary workmen's compensation policy, since none of these procedures is available in such an action.

This Court believes, however, that the cases under the Workmen's Compensation Law which exclude evidence relating to the benefits of surgery are analogous to this action, because they relate directly to the compensation due the claimant, and the policy specifically states that the insurer will pay "an amount equal to the compensation and other benefits which would have been payable under such law had the injured employee and the insured been subject to such law with respect to such employment." The effect of evidence tending to show that surgery would cure or benefit the claimant would be to limit his compensation in a manner which would not be permissible under the Workmen's Compensation Law. Thus the claimant would not be paid an amount equal to that which would have been payable under such law.

■ The Defendant Insurer here has consistently denied liability and has not tendered an operation to the Plaintiff. It would be inequitable and in contravention of the policy itself to allow the Defendant in these circumstances to present any evidence of the beneficial effects of surgery upon the Plaintiff.

In this case the Plaintiff is seeking an operation and in his complaint alleges that the surgery is necessary and asks judgment for the cost thereof in addition to compensation for total and permanent disability.

The distinction between evidence of the *effect* of an operation and the *need* for an operation was made in Travelers Insurance Co. v. Walkovak, 390 S.W.2d 75, CCA Houston, 1965, Ref. n.r.e., in which the claimant was allowed to present evidence for the purpose of showing his need for an operation.

In this case, if the Defendant had admitted liability and made a tender of surgery to the Plaintiff, the proposed evidence would be admitted by the Court. Under the present state of facts, however, the evidence must be excluded, so that whatever compensation may be due the Plaintiff may be awarded as nearly as possible in conformity with the Workmen's Compensation Law as made appli-

cable by the voluntary workmen's compensation policy.

The Plaintiff's motion in limine is, therefore, granted, and Defendant's counsel is instructed neither to mention by question or statement or any other manner the effect of surgery upon the Plaintiff, and to so instruct his witnesses.

Clerk will send copies of this Memorandum to counsel for the parties.