Mirven COLLIER, Appellant,

v.

**ALLSTATE INSURANCE COMPANY,**
Appellee.

No. 25219.

United States Court of Appeals
Fifth Circuit.

May 27, 1968.

Warren Burnett, Robert E. Hoblit, Odessa, Tex., for appellant.

Rush Moody, Jr., Stubbeman, McRae, Sealy & Laughlin, Midland, Tex., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge:

Appellant Collier sustained an injury while in the employ of Carl Diffee. Mr. Diffee did not employ three or more employees and thus was not subject to the Texas Workmen's Compensation Act. Mr. Diffee voluntarily made protection equivalent to the protection afforded under the Workmen's Compensation Act available to his two employees through the purchase of insurance from Allstate. The insurance contract containing a "voluntary compensation endorsement" was

effective for the year in which Mr. Collier was injured.

■ This insurance coverage gave Mr. Collier the option of accepting voluntary compensation coverage for the injury or of pursuing his common law rights against his employer. The insurance coverage was purely a matter of contract and Mr. Collier was a third party beneficiary under the contract between Allstate and the employer. The benefits due under the contract were to be measured by the Workmen's Compensation Act. Cf. Cisneros v. Insurance Company of North America, S.D Tex. 1966, 254 F.Supp. 864.

This appeal is from an order dismissing Mr. Collier's complaint which sought the benefits due under the insurance coverage. Allstate moved to dismiss on the ground that Mr. Collier had rejected the insurance coverage. It appeared that he refused to execute a release proffered by Allstate and that he returned the check tendered by Allstate for payments due to the date of the check for partial disability. Following this motion and while it was under consideration, Mr. Collier filed suit against his employer in a Texas state court seeking common law damages for his injury. His counsel was of the view that such was necessary to toll the statute of limitations in the event the federal suit failed. Cf. Garza v. Sumrall, Tex.Civ. App. 1954, 267 S.W.2d 912, writ ref. After the filing and service of the state court suit, Allstate added an additional ground for dismissal: That coverage was terminated under the terms of the contract by the commencement of the common law action in the state court. See Travelers Insurance Company v. Brown, Tex.1966, 402 S.W.2d 500.

The uncontested facts are that Mr. Collier was injured on April 3, 1967 while working for Mr. Diffee. The injury was sustained within the course and scope of the employment. The injury resulted in the permanent total loss of use of the right hand. The contract of insurance was for the benefit of Mr. Collier provided he agreed to accept the payments due thereunder, and provided he would forego any common law claim against his employer. Further, the contract required that he release all claims against Allstate and his employer on account of the injury, and that he assign to Allstate all claims against others who might be liable for the injury.

Allstate sent a form of release to Mr. Collier for execution together with a check for sums due to date. The form of release was vague and indefinite in some respects and overbroad in others. It exceeded the requirements of the insurance contract. For example, it required a release for payments due to date without an agreement as to sums which would or might be thereafter due. It required the release of not only the employer but any other person, firm or corporation having responsibility for the injury or damages. It recited the date of the injury as being a date outside the period of coverage. It also required that Mr. Collier reserve any liability that he may have incurred to Allstate and the employer. In short, the release was not tailored to the insurance contract requirements.

■ Mr. Collier returned the check to Allstate and the complaint in issue was filed. This was not improper under the circumstances and the suit was positive proof that the insurance coverage had not been rejected. The District Court erred in granting the motion to dismiss on the ground that coverage had been rejected.

■ The filing of the state court suit was a mere protective measure and was provoked by the events which had transpired in the federal suit with respect to the motion to dismiss. It was also error for the District Court to grant the motion to dismiss on the ground of the filing of the state court suit. The filing did not amount to termination within the teaching of Travelers Insurance Company v. Brown, supra. Here there was an election to take the insurance coverage. The common law action was

commenced in furtherance of and in an effort to vindicate that election.

Mr. Collier is entitled to proceed in the federal court on his claim as a third party beneficiary under the insurance contract. He cannot proceed on both this cause of action and the cause asserted in the state court. The District Court should impose as a condition to proceeding in the federal court that the state court suit be dismissed. 28 U.S. C.A. § 2106.

Reversed and remanded for further proceedings not inconsistent herewith.