**GARZA v. SUMRALL et al.**

No. 12679.

Court of Civil Appeals of Texas.

San Antonio.

May 5, 1954.

Rehearing Denied May 19, 1954.

Rankin, Kilgore & Cherry, Edinburg, for appellant.

Ewers, Cox & Toothaker, William E. York, McAllen, for appellees.

POPE, Justice.

The trial court granted a summary judgment on defendants' motion which asserted that plaintiff's action for personal injuries was barred by the two-year statute of limitations.

The plaintiff, Paulino Garza, sustained personal injuries while riding in a truck on February 5, 1949. The truck belonged to defendant Sumrall and was driven at the time of the accident by Reyes Anaya. Anaya drove the truck into a filling station, the roof of which was not high enough to clear the loaded truck, and the plaintiff who was riding on top of the load was injured. The present action was filed on February 27, 1953, more than four years after the date of the accident. Unless something intervened which was effective to toll the statute, the judgment should be affirmed. Plaintiff states that the pendency of a Workmen's Compensation suit operated to toll the statute. On November 2, 1950, plaintiff filed a claim for the injuries under the Workmen's Compensation Act, under the mistaken belief that he was an employee of Ed M. Boler, d/b/a Boler Fruit and Vegetable Company. That claim was prosecuted without success. Garza v. United States Fidelity & Guaranty Co., Tex.Civ. App., 251 S.W.2d 781. Within two days after that adverse judgment became final, plaintiff filed this common-law action against Sumrall and Anaya, claiming they were his employers.

Plaintiff's point for reversal is that the pendency of a Workman's Compensation action tolls the statute of limitations with reference to a common law action. He relies upon the several cases which hold a workman may sue for compensation, and after successfully prosecuting his suit, may then sue a third party defendant in a common law action, joining as plaintiff the compensation carrier who is subrogated to rights equivalent to the amount it has paid as compensation. Art. 8307, § 6a, Vernon's Ann.Civ.Stats; Texas Employers' Ins. Ass'n v. Texas & P. R. Co., Tex.Civ.App., 129 S.W.2d 746; Webster v. Isbell, Tex.Civ. App., 71 S.W.2d 342, reversed on other grounds 128 Tex. 626, 100 S.W.2d 350; Fidelity Union Casualty Co. v. Texas Power & Light Co., Tex.Civ.App., 35 S.W.2d 782 (citing many cases).

The situation presented by this action is not controlled by the statute which gives a workman or a compensation carrier the right to proceed against a third person. There is no subrogation right which could arise in favor of any carrier under the facts of this case. Plaintiff's point is that he thought Boland was his employer, and after he lost his suit grounded upon the proposition that Boland was his employer, then he commenced action to prove that Sumrall and Anaya were his employers. The reason for the four-year delay in filing the second suit is that Garza sued the wrong person as his employer in his first suit. Article 8307, § 6a, does not operate to toll the limitations statute while a suit against the wrong employer runs its course. The principle controlling this case is the same as that which applies in any other case where a plaintiff sues the wrong defendant and permits limitation to bar an action against the right defendant.

Plaintiff's petition states that the former compensation action was decided by the Court of Civil Appeals. Our opinion and judgment in that former appeal, al-

luded to in the pleadings, were based on the fact that the compensation action itself was barred by reason of a twenty-one month delay between the date of the injury and the date the claim was filed. Garza v. United States Fidelity & Guaranty Co., supra. The pendency of a compensation action, which was barred by limitations, does not toll the statute of limitations to a common-law action.

The judgment is affirmed.