BOLIN, Judge.
This case was submitted in the lower court on an agreed stipulation of facts. During the course and scope of his employment with Matthews Lumber Company of Mansfield, Inc. Aaron Atkins was involved in an automobile accident with a car driven by Ola Mae Sawyer, resulting in both drivers being killed. Judgment was rendered in favor of Geneva Thomas, as tutrix of her minor children, against the lumber company for workmen’s compensation benefits due her children for the death of their father Aaron Atkins. Judgment was also rendered for the policy limits of $10,000.00 in favor of Matthews against third party defendant Maryland Casualty Company, as public liability insurer of Miss Sawyer, by whose fault it was agreed the accident was caused.
From the above judgment Maryland Casualty Company has appealed.
Atkins was killed almost instantly in the accident. He had been married to Madie Thomas, from whom he was never divorced, but he had not lived with her in many years and she was not dependent upon him. Her whereabouts are unknown. At the time of his death, Atkins was living with plaintiff without benefit of marriage. He was survived by a number of illegitimate children who lived in his home and were dependent upon him. Geneva Thomas, as tutrix of the children, brought the present suit.
The issue before us is a legal question, i. e., is the amount recoverable by Matthews Lumber Company of Mansfield, Inc., who is obligated to pay workmen’s *359 compensation benefits to Atkins’ minor children under the act, limited to the amount which would have been recoverable by the injured employee under Article 2315 of the Louisiana Civil Code?
Appellant does not deny the right of Matthews to maintain this third party proceeding for indemnification, but contends the lower court erred in using the compensation payments as a measure of damages. It claims its liability is limited to the amount for which the tort feasor is or would have been liable to the injured employee under Article 2315 of the Louisiana Civil Code.
Louisiana Revised Statutes of 1950, Title 23, Sections 1101, 1102 and 1103 provide:
“1101. When an injury for which compensation is payable under this Chapter has been sustained under circumstances creating in some person (in this Section referred to as third person) other than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for the injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for the injury.
Any employer having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to any injured employee or his dependent.” (Emphasis added)
“1102. If either the employee or his dependent, or the employer, brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.”
“1103. In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per cent per annum, and shall be satisfied by such payment. (Emphasis added)
No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him. As amended Acts 1958, No. 109, § 1.”
Counsel for both parties have cited many of the same cases which comprise the jurisprudence showing the origin and development of the right of the employer to sue for reimbursement of workmen’s compensation payments. We have examined each of these cases and conclude none resolves the identical issue presented by this appeal. However, the most appropriate and indeed the leading pronouncements of the Louisiana Supreme Court interpreting the sections of the Workmen’s Compensation Act quoted, supra, are found in Board of Commissioners of Port of New Orleans v. City of New Orleans, 223 La. 199, 65 So.2d 313 (1953). *360 The facts of that case are much like those in the instant case in that the employee died before bringing suit and left as a dependent an illegitimate daughter entitled to receive workmen’s compensation from the Port of New Orleans. This latter board sought reimbursement from the New Orleans Public Belt Railroad Commission as third party tort feasor for amounts paid and to be paid under the Workmen’s Compensation Law. The Court of Appeal had held that whatever relief the Port of New Orleans (sometimes referred to as the Dock Board) was entitled to against defendant tort feasor was solely ex delicto; that any action it had was acquired by virtue of subrogation to the rights of employee’s dependent illegitimate child to whom it had paid and was paying compensation; that such child in whose shoes plaintiff stood as subrogee had no right of action for the injury to and death of her father under Article 2315 of the Civil Code; and that, therefore, the Dock Board had no right of action against the tort feasor.
In reversing the Court of Appeal the Supreme Court clarified its position on the issues in the following language:
“Contrary to the contention of counsel for Public Belt no legal subrogation in favor of the employer is implied by the language, contained in the first paragraph of LSA-R.S. 23:1101, referring to a “legal liability to pay damages” created in a person other than the employer. The sole purpose of the paragraph, considered as a whole, is to reserve to the injured employee or his dependent, on making claim to or receiving compensation, whatever right and cause of action he has against the third person tort-feasor. If he has none the reservation is ineffectual.
“In the instant case, assuming for the sake of argument negligence on defendant’s part that proximately caused the accident plaintiff’s employee (the father of the dependent illegitimate child) when injured had both a right and a cause of action against Public Belt under the provision of LSA-Civil. Code Article 2315 which recites that “Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it”. By reason of such codal provision and as a result of defendant’s actionable negligence, in other words, there was created in the defendant a legal liability to fay damages respecting the injury to the employee', and, in this connection, there existed a single cause of action against it, growing out of one tort, which the injured employee had the right to assert. (Emphasis added)
“Now the death of the employee occurring before he had an opportunity to institute suit, would not necessarily and it did not effect an extinguishment of the cause of action against, or the legal liability of, Public Belt. The right to bring the action survived in favor of, and defendant’s liability became enforceable by, any one specifically granted that privilege by law. Most of those so favored are listed, according to a certain order of preference, in LSA-Civil Code Article 2315; and, under that article, the single cause of action surviving is for two elements of damage, namely (1) that sustained by the injured employee and (2) that suffered by the survivors because of his death. Reed v. Warren, 172 La. 1082, 136 So. 59; Thornton v. Peak, La.App., 191 So. 182; Davies v. Consolidated Underwriters, La.App., 14 So.2d 494.
“Of course, the employee’s illegitimate, dependent child (to whom the employer is obligated to pay compensation) is not included among the beneficiaries listed in LSA-Civil Code Article 2315 or elsewhere in our law, and, being without right to assert the cause of action, nothing is reserved to her by the provisions of the first paragraph of LSA-R.S. 23:1101. But her incapacity to sue is neither expressly nor impliedly imposed on the employer from whom she receives compensation. On the contrary the com *361 pensation statute specifically grants to the employer, in the second paragraph of LSA-R.S. 23:1101, the right to bring suit against the third person tort-feasor to recover any amount which he has paid or has become obligated to pay as compensation to the dependent. The employer, in other words, is unqualifiedly authorized to assert, to the extent of obtaining indemnification for the compensation for which he is obligated to pay, the cause of action that arose originally in favor of the employee from the third person’s actionable negligence. (Emphasis added)
“True, as counsel for Public Belt point out, this court has on several occasions since the 1920 amendment referred to the compensation paying employer as a statutory subrogee, particularly in Chauvin v. Louisiana Power and Light Company, 177 La. 193, 148 So. 23 and Metropolitan Casualty Insurance Company of New York v. Bowdon, 181 La. 295, 159 So. 394, 396. But in each of those cases the court was not concerned with the question presented here of the right of the employer to institute the tort action. An analysis of the opinions will disclose that therein, when observing that the employer’s rights were identical with those of the employee or his dependents and subject to the same limitations, the court had in mind and was referring only to the employee’s or dependent’s cause of action. This is made clear in the Bowdon case by the following statement: ‘ * * * Plaintiff’s rights, if any, to recover damages from the defendants, are based upon the same or identical grounds as the widow’s and minor child’s. In other words, neither of these parties can recover from the defendants unless it can be shown that the defendant, owner and driver of the automobile, was at fault in causing the accident. * * * ’ The decisions, therefore, are inapposite.”
Appellant urges the more recent Supreme Court decision of Marquette Casualty Company v. Brown, 235 La. 245, 103 So.2d 269 (1958) is controlling on the issue of quantum. The sole question presented there was one of prescription and, following the prior jurisprudence, the court held La.R.S. 23 :- 1101 gives the employer a right to reimbursement from the tort feasor which he would have not had under Article 2315 of the Louisiana Civil Code and, therefore, the prescriptive period of one year, applicable to tort actions, precluded the employer from maintaining its action more than one year after the accident. The Court, however, in the course of its opinion, stated with regard to quantum:
****** “This right is, of course, conditioned upon the basic right of the employee to recover damages and, according to R.S. 23:1103, if the damages awarded are for an amount less than the total compensation paid, the employer’s recovery is accordingly limited to that amount. Thus, though the compensation paying employer is given the preferential right to reimbursement out of the judgment, recovery is necessarily restricted to the amount for which the tort-feasor is liable to the injured employee for the consequences of his wrongful act.”
****** Since the issue of the measure of damages was not before the court we consider the foregoing statement to be obiter dictum.
We conclude the Board of Commissioners case establishes with certainty that, though there is only one cause of action which may be brought against the tort feasor, nevertheless when fault or liability is established the employee or his dependents or the workmen’s compensation paying employer may institute suit; the suit must be commenced within one year from the date of the accident; and finally, the quantum of damages is measured by the damage actually occasioned by the tortious act. In the case of the employer, who has been obliged to pay workmen’s compensation, these payments, together with whatever other special damages he has been required *362 to pay, measure the amount of recovery, limited, of course, by the policy provisions when suit is against an insurance carrier.
For the reasons assigned the judgment is affirmed at appellant’s cost.
Affirmed.
HARDY, J., dissents.