Roosevelt MOURNING et al., Appellants,

v.

CROWN STEVEDORING COMPANY et al., Appellees.

No. 4627.

Court of Civil Appeals of Texas.

Waco.

July 20, 1967.

Brown & Cecil, Owen W. Cecil, John Parker Eaton, Baker, Botts, Shepherd and

Coates, George H. Kolb, Houston, for appellants.

Fulbright, Crooker, Freeman, Bates & Jaworski, Dixie Smith, Houston, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Mourning and intervenor Travelers Insurance Company, from summary judgment that plaintiff take nothing in a personal injury suit against defendants Crown Stevedoring Company and P. D. Marchessini Company.

Plaintiff, an employee of McLeon Industries, was injured on July 12, 1963. He filed a claim for workmen's compensation and judgment was entered for him against the compensation carrier, Travelers Insurance Company, in January, 1964. On March 11, 1964, plaintiff filed suit against defendant Crown, alleging injury caused by Crown's negligence. Travelers intervened for subrogation of plaintiff's rights to the extent of $1450. paid plaintiff in the compensation case.

Plaintiff's counsel was informed by the Secretary of State that Crown's agent for service was George J. Salter, Jr., with officer in the Shell Building, Houston. Citation was issued by the clerk on March 13, 1964. On April 1, 1964 the Harris County Sheriff's department informed plaintiff's counsel that no such person had an office in the Shell Building; that Crown was not listed on the building directory, and that neither Crown nor Salter was listed in the telephone or city directories. Plaintiff's counsel later learned that Crown "and its agent and/or successor, P. D. Marchessini Company were located in the State of New York."

Plaintiff filed an amended petition on September 20, 1966, alleging his cause of action against Crown and Marchessini, and secured service on Crown on October 22, 1966 by service of process on George J. Salter, Jr. in Houston, and on Marchessini by service on the Secretary of State.

On November 4, 1966, defendants Crown and Marchessini filed Motion for Summary Judgment that plaintiff take nothing, asserting plaintiff's suit against defendants was barred by the 2 year Statute of Limitations.

The trial court entered summary judgment that plaintiff take nothing.

Plaintiff and intervenor appeal, contending the trial court erred:

1) In rendering summary judgment for Crown because a material fact question existed as to lack of diligence by plaintiff in obtaining service of process on Crown.

2) In rendering summary judgment for Marchessini because a material fact question existed on the question of absence from the State of Marchessini, and such absence would toll the running of limitations.

3) In rendering summary judgment for both defendants since the motion and notice of hearing were never served on intervenor.

Contention 1 is that a material fact issue exists as to whether plaintiffs were guilty of lack of diligence in obtaining service on Crown. Plaintiff was injured in July, 1963; his judgment for compensation was in January, 1964. The two year statute of limitation commenced to run against plaintiff in January, 1964. Judice v. Sumner Sollitt, CCA, (n.r.e.) 346 S.W.2d 135. Plaintiff filed suit against Crown on March 11, 1964, and caused citation to be issued for service on George J. Salter, Jr., but service was not effected. Service was later effected on Salter in Houston on October 22, 1966.

Prosecution of a suit with diligence, including effecting of service of citation on defendant, is necessary to toll the

statutes of limitations. Reed v. Reed, 158 Tex. 298, 311 S.W.2d 628; Pollok v. Mc-Mullen Oil & Royalty Co., CCA (nwh) 383 S.W.2d 837; Patrick v. Callan, CCA (nwh) 353 S.W.2d 40.

 The record reflects a period of some 2 years and 7 months before service was effected on Crown. No diligence on the part of plaintiff has been shown in trying to effect service during this period. No material fact issue is here raised as to whether plaintiff was guilty of a lack of diligence in obtaining service on Crown. Contention 1 is overrruled.

Contention 2 asserts a fact question exists as to whether defendant Marchessini was absent from the State (which if true would toll the statute of limitations). Defendant Marchessini was a non-resident of Texas, and so far as this record reflects was never a resident of Texas. Article 5537, Vernon's Ann.Tex.Civ.St. (providing absence from the State shall not be counted as a part of limitation time) has no application to non-residents. Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 114 S.W.2d 226; Wise v. Anderson, 163 Tex. 608, 359 S.W.2d 876. Plaintiff's compensation case against Intervenor was concluded in January, 1964; and suit was filed against Marchessini in September, 1966. Such suit was barred by the 2 year statute of limitations. Summary judgment that plaintiff take nothing against Marchessini was proper. Contention 2 is overruled.

Contention 3 complains of the failure of defendants to give intervenor notice of the motion for summary judgment and of the setting thereof. Intervenor's rights were subrogated to plaintiff's rights, hence defendants were not required to give intervenor notice of their motion for summary judgment. Moreover, intervenor gave no notice of appeal and filed no cost bond. This court lacks jurisdiction to consider intervenor's complaints. Donald v. John Vinson, Inc., (CCA, Er. Ref.) 344 S.W.2d 751; Bellmead State Bank v. Campbell, CCA (nwh), 386 S.W.2d 205. Contention 3 is overruled.

Affirmed.