215 So.2d 832

Geneva THOMAS, Natural Tutrix,

v.

MATTHEWS LUMBER COMPANY OF
MANSFIELD, Inc.

No. 48889.

Nov. 12, 1968.

Cook, Clark, Egan, Yancey & King, Sidney B. Galloway, Shreveport, for relator.

Booth, Lockard, Jack, Pleasant & LeSage, Henry A. Politz, Shreveport, for respondent.

HAMITER, Justice.

This case is before us on a writ of certiorari or review issued to the Court of Appeal, Second Circuit.

In the district court the following facts were stipulated:

Aaron Atkins, while driving a truck in the course and scope of his employment with Matthews Lumber Company of Mansfield, Inc. (referred to hereafter as Matthews), was involved in an accident with a car driven by one Ola Mae Sawyer. Both drivers were killed as a result of injuries received in the accident, Atkins dying within minutes thereafter. The mishap was caused solely by the fault of Miss Sawyer.

Atkins had been married to one Madie Thomas, from whom he was never divorced but with whom he had not lived for many years. She was not dependent on him and, in fact, her whereabouts were unknown. At the time of the accident he was living without the benefit of marriage with one Geneva Thomas; and he was survived by three illegitimate children under the age of eighteen years who also occupied his home and were entirely dependent on him.

The present proceedings were instituted by Geneva Thomas, as natural tutrix, against Matthews to recover workmen's compensation benefits due to the illegitimate children. Matthews answered; and it also filed a third party demand against Miss Sawyer's public liability insurer, Maryland

Casualty Company (hereafter called Maryland), seeking whatever compensation it would be required to pay.

The district court awarded to plaintiff compensation benefits for the children in accordance with LRS 23:1202 and 1232. On the third party demand, judgment was rendered in favor of Matthews against Maryland for burial expenses, for compensation already paid by Matthews to the minors, and for any additional payments it would be required to make in the future by reason of the compensation judgment, all subject to a $10,000 policy limitation.

The judgment was affirmed on appeal. 201 So.2d 357. As was previously said, we granted certiorari. 251 La. 222, 203 So.2d 556.

■ The sole question posed herein is whether an employer who is obligated to pay compensation to a deceased employee's surviving illegitimate children may recover such payments from the person responsible for the employee's death (the tort feasor), even though such children themselves have no right to assert a tort claim against the tort feasor under the provisions of Louisiana Civil Code Article 2315.

Our careful study of this matter convinces us that the Court of Appeal was correct when it held that our decision in Board of Commissioners of Port of New Orleans v. City of New Orleans, 223 La. 199, 65 So. 2d 313, presented the identical issue raised here; it is controlling in this case; and it compels a judgment in favor of this third party plaintiff. (Incidentally, such decision has never been legislatively overruled, notwithstanding that our lawmakers have met in seven regular sessions since its rendition in 1953.)

In that case action was brought against an alleged tort feasor by the deceased's former employer for workmen's compensation *paid and to be paid to the illegitimate minor daughter of the deceased.* The trial court overruled an exception of no right of action; and on the merits it rendered judgment in favor of the employer for the compensation payments which had been made to the minor and those still to be made (32½% of the deceased employee's salary for a total of 300 weeks, which was the amount then allowed to such a dependent).

The Court of Appeal reversed the judgment therein. It sustained the exception of no right of action on the theory that, because the deceased's illegitimate daughter could not maintain a tort action against the tort feasor, the employer, who "stands in the shoes of" the illegitimate child and "for whose benefit it paid compensation", could not recover the payments made and to be made.

We granted certiorari and reversed the holding of the Court of Appeal. In the course of the opinion we referred to the pertinent portions of the compensation act (LRS 23:1021 et seq.) and observed: "Now

the death of the employee occurring before he had an opportunity to institute suit, would not necessarily and it did not effect an extinguishment of the cause of action against, or the legal liability of, Public Belt. The *right* to bring the action survived in favor of, and defendant's liability *became enforceable by, any one specifically granted that privilege by law.* Most of those so favored are listed, according to a certain order of preference, in LSA–Civil Code Article 2315; and, under that article, the single cause of action surviving is for two elements of damage, namely (1) that sustained by the injured employee and (2) that suffered by the survivors because of his death. * * *

"Of course, the employees' illegitimate, dependent child (to whom the employer is obligated to pay compensation) is not included among the beneficiaries listed in LSA–Civil Code Article 2315 or elsewhere in our law, and, being without right to assert the cause of action, nothing is reserved to her by the provisions of the first paragraph of LSA–R.S. 23:1101. *But her incapacity to sue is neither expressly nor impliedly imposed on the employer from whom she receives compensation. On the contrary the compensation statute specifically grants to the employer,* in the second paragraph of LSA–R.S. 23:1101, *the right to bring suit against the third person tort-feasor to recover any amount which he has paid or has become obligated to pay as com-*

*pensation to the dependent.* The employer, in other words, *is unqualifiedly authorized* to assert, to the extent of obtaining indemnification for the compensation for which he is obligated to pay, the cause of action that arose originally in favor of the employee from the third person's actionable negligence.

" * * *

"By the provisions of the compensation statute the employer paying compensation, as pointed out above, is granted an independent right to assert the cause of action through a direct suit against the tort-feasor and obtain recovery *to the extent of his obligation to the employee or dependent;* * * *." (Italics ours)

Maryland attempts to distinguish the Board of Commissioners case by urging that the court therein was concerned only with the employer's right to bring the action, not the matter of fixing quantum. Its attorneys point out that the employee lived for a few days, and they argue that, therefore, the court could have been considering only the employer's right to sue for compensation benefits paid in behalf of the said employee himself.

The attempted distinction is utterly groundless. A reading of our opinion and the former one of the Court of Appeal (on account of which we granted certiorari) makes it manifest that the issue involved solely the right of the employer to sue for

compensation benefits due by it to the *illegitimate child, and that we were not in any manner whatsoever concerned with any amount of compensation which might have been paid for the benefit of the employee himself.* This is made abundantly clear by the opening statement of our opinion which declares that the employer was seeking to be reimbursed for *"amounts paid and to be paid* under the Louisiana Workmen's Compensation law *to the dependent, illegitimate, minor daughter (a member of the family) of one of plaintiff's employees * * *."* (Italics ours)

It is true, as is observed in Maryland's argument, that we remanded the cause to the Court of Appeal for further proceedings consistent with our views. But, again, the record and the subsequent opinion on the remand make it plain that the only purpose of the remand was to permit the Court of Appeal "to review the merits of the controversy"—that is, whether the defendant was negligent and, if so, whether the employee was contributorily negligent—, these being issues which that court pretermitted originally when it sustained the exception. The remand clearly was not for the purpose of permitting the Court of Appeal to find damages for the plaintiff for a lesser amount than it was obligated to pay under the provisions of the compensation law. Incidentally, on the remand, the Court of Appeal ruled in favor of plaintiff on the merits and affirmed the trial court's award,

which, as we have said, was for the benefits paid and to be paid *to the minor.* (See Board of Com'rs of Port of New Orleans v. Public Belt R. Commission for City of New Orleans, 71 So.2d 590.) Later, we denied certiorari.

Consequently, there can be but one conclusion as to the ratio decidendi of that case, it being that the employer *can sue the tort feasor directly and recover workmen's compensation benefits paid and to be paid to the deceased employee's illegitimate dependent child, even though the latter does not have a tort remedy.*

█ Maryland also contends that the provisions of LRS 23:1103 envision a tort judgment for the employer for a lesser amount than the compensation which he is obligated to pay, and that the effect of the language thereof is that the employer may not recover any amounts which are not recoverable by the employee or his dependent. That section pertinently provides: "In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, with a

reasonable attorney's fee and his costs, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per centum per annum, as shall be satisfied by such payment."

We do not concur in Maryland's interpretation, or its conclusion as to the effect, of such section. First of all, to so interpret the section would be to judicially place in Sections 1101 and 1103 a condition of recovery by the employer which simply is not contained therein. We would, by such an interpretation, effect a rewriting of those sections so as to give the employer the right to recover against the tort feasor only such amounts as the employee or his dependent could have recovered from that third person. In other words, we would be putting the employer in the shoes of the employee or his dependent. Not only would such a result be completely contrary to our holding in the Board of Commissioners case, supra (in fact, it would amount to adopting the view of the Court of Appeal therein which we reversed on certiorari), it would also render virtually ineffective the amendment made to the compensation statute by Act 247 of 1920.

By "putting the employer in the shoes of the employee or his dependent" we would relegate the employer to the status of a subrogee. Prior to the 1920 amendment that was the only method of recovery available to him by statutory provisions. However, that amendment particularly eliminated any reference to subrogation and gave the employer the right to recover directly "any" compensation benefits he was obliged to pay.

■ True, the language of Section 1103 relied on by Maryland might recognize that sometimes, perhaps, the tort damage to the employee might be for a lesser amount than the sum of compensation payments due (which for obvious considerations would be rare); however, such language by no means limits the employer's claim to the value of the employee's tort damages. In our opinion, the effect of all of the provisions (Sections 1101 and 1103), when read together (as must be done), is to give the employer the right to claim directly any compensation benefits he is obligated to pay as an element of damages resulting from the tort originally committed against the employee—not in addition to those due to the employee or his dependent, but to be paid by preference when the tort claim of the employee is the same or less than the compensation payments. As we observed in Board of Commissioners, supra, " * * From a single tortious injury to an employee there arises but one cause of action,

as before shown; and all damages flowing therefrom, which may include several different and distinct elements, are recoverable in one and the same suit." And when Section 1103 recites that "such damages shall be assessed solely in his favor" it refers to the damages payable to the employer under the express and unqualified provisions of Section 1101.

The concept of various and different types of damages flowing from the commission of one tort against one individual is not at all new to our law. For instance, there arise the separate and different damages to a surviving wife and to children in the event a death results to the husband from the commission of a tort and also those to the victim himself when death is not instantaneous.

Likewise, separate and different damages occur when a married woman is injured by tortious conduct: those for her personal injuries for which only she can bring suit, and those recoverable only by the husband for medical and hospital expenses which have been paid by the community.

In this connection, it occurs to us that if the result urged by Maryland prevails, and the employer is held to "stand in the shoes of" his employee, if the employee who is injured is a married woman her employer would not be able to recover hospital and medical expenses which he is obligated to pay because the employee herself has not a

tort action for such items of damages. We think it manifest that no such result was intended by the legislation involved.

We do not find that any of the cases relied on by Maryland directly support its position.

As to the Court of Appeal decisions cited none presented the same issue as is involved herein. Nor are those from this court in point.

In the Board of Commissioners case, supra, we distinguished Chauvin v. Louisiana Power and Light Company et al., 177 La. 193, 148 So. 23, in the following manner: "True, as counsel for Public Belt point out, this court has on several occasions since the 1920 amendment referred to the compensation paying employer as a statutory subrogee, particularly in Chauvin v. Louisiana Power and Light Company, 177 La. 193, 148 So. 23 and Metropolitan Casualty Insurance Company of New York v. Bowdon, 181 La. 295, 159 So. 394, 396. But in each of those cases the court was not concerned with the question presented here of the right of the employer to institute the tort action. An analysis of the opinions will disclose that therein, when observing that the employer's rights were identical with those of the employee or his dependents and subject to the same limitations, *the court had in mind and was referring only to the employee's or dependent's cause of action.* This is made clear in the Bowdon case by the following statement: '* * *

Plaintiff's rights, if any, to recover damages from the defendants, are based upon the same or identical grounds as the widow's and minor child's. In other words, neither of these parties can recover from the defendants unless it can be shown that the defendant, owner and driver of the automobile, was at fault in causing the accident. * * *' The decisions, therefore, are inapposite." (Italics ours)

Concededly, there is language in Marquette Casualty Company v. Brown, 235 La. 245, 103 So.2d 269 which might be considered as tending to support Maryland's argument. However, that case involved only a plea of prescription against the employer's suit for compensation benefits paid to his employee which was brought more than a year after the tortious injury to the employee. The sole legal issue necessary for a determination was whether the suit sounded in tort or was one for restitution on an implied contract. We approved our decision in the Board of Commissioners case, supra, which was that LRS 23:1101 gave to the employer an independent right to assert his cause of action *for damages flowing from the tort committed against the employee* (see footnotes 2 and 3), and we held that such suit was "simply an action ex delicto against an alleged wrongdoer * * *."

In National Surety Corporation v. Standard Accident Insurance Company et al., 247 La. 905, 175 So.2d 263, the employer, following an injury to its employee for which it became obligated to pay compensation, timely filed its action against the tort feasor for such benefits. After more than a year from the accident, the employee intervened in the employer's suit seeking to recover for the damages caused to him because of the third party's tortious conduct. The tort feasor pleaded the one year prescription. We held that because there was but one cause of action giving rise to both claims, the prescription running against the employee's claim was interrupted by the employer's suit. Clearly, the extent of the employer's right to recovery was not at issue, and the case is not apposite.

Following submission of the instant case on the first hearing in this court, the defendant and third party plaintiff, Matthews Lumber Company of Mansfield, Inc., filed a special plea to the constitutionality of Revised Civil Code of Louisiana Article 2315, as amended, basing such plea on the decision of the United States Supreme Court in Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968).

In the Levy case suit was filed on behalf of five illegitimate children for damages arising out of the alleged wrongful death of their mother. The defendants filed exceptions of no right and no cause of action based on the established jurisprudence of this court that "child" as used in the above mentioned article means legitimate child,

and that recovery is denied to illegitimate children for the wrongful death of a parent. Countering, plaintiff urged that such denial to an illegitimate child, merely because of his status, is a denial of due process and equal protection under both the Louisiana and United States Constitutions. (Louisiana Constitution Article 1, Section 2 and United States Constitution Fourteenth Amendment.)

Our Court of Appeal affirmed the judgment of the district court which had maintained the exceptions (Levy v. State through Charity Hospital of Louisiana, 192 So.2d 193), and we denied certiorari (250 La. 25, 193 So.2d 530).

On an appeal taken to the United States Supreme Court, that tribunal reversed the decision, the majority opinion stating that the classification constituted an invidious discrimination against a particular class (illegitimate) which constituted a denial of the rights of the members of such class that are protected by the due process and equal protection clauses of the Fourteenth Amendment of the federal Constitution. It remanded the case to us "for further proceedings not inconsistent with the opinion of this court." The case, on the remand, has been set for argument here on November 12, 1968.

However, because of our above holding herein, which is based on the provisions of the Louisiana Compensation Statute, it is not necessary for us at this time to consider the special plea of unconstitutionality or the effect of the decision in the Levy case on the mentioned Revised Civil Code Article 2315, as amended.

For the reasons assigned the judgment of the Court of Appeal herein is affirmed. All costs of this proceeding are to be borne by the third party defendant, Maryland Casualty Company.

McCALEB, J., concurs, being of the view that the decision of the Supreme Court of the United States in Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436, requires that we reject the contentions of the third-party defendant.

BARHAM, J., concurs in the result for the reasons assigned by McCALEB, J.