Super Valu Stores, Inc., an Illinois Corporation for the Use and Benefit of The Travelers Insurance Company-The Travelers Indemnity Company, Plaintiff-Appellant, v. Darlene Ruth Stompanato, d/b/a Our Place, DeEtte C. Gilman, and Albert C. Handel and Elizabeth Jane Handel (Also Known As Betty Handel) d/b/a Handel's Steak House, Defendants-Appellees.

Gen. No. 70–51.

Second District.

August 26, 1970.

Fearer and Nye, of Oregon, for appellant.

Klockau, McCarthy, Schubert, Lousberg & Ellison, Gerry M. Rinden, of Rock Island, for appellees.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Carroll County entered February 16, 1970, that dismissed a complaint brought under the provisions of the Dram Shop Act by a workmen's compensation insurance company in the nature of a subrogation.

On March 29, 1967, Dale P. Theesfeld was injured in an accident while a passenger in an automobile driven by Wallace D. Prowant, Jr. Theesfeld subsequently filed an application for compensation under the Workmen's Compensation Act and an award was made by an arbitrator of the Industrial Commission on December 10, 1968. The decision of the arbitrator found that Theesfeld was an employee of Super Valu Stores, Inc. at the time of the accident and that his injuries were sustained ". . . out of and in the course of his employment . . . ."

On September 17, 1969, plaintiffs brought suit against the various defendants as the owners and operators of two taverns located in Carroll County. The complaint alleged that Prowant was intoxicated at the time of the accident; that his intoxication proximately caused the accident; and that the defendants either gave or sold him alcoholic beverages that caused or contributed to his intoxication and that a cause of action thereby accrued pursuant to the provisions of section 135 of chapter 43 of the Ill Rev Stats (Dram Shop Act). The defendants moved for a dismissal on the grounds that the suit was not "commenced within one year next . . ." after the accident, as required by the statute. The trial court granted the motion and this appeal followed.

The plaintiff contends that their cause of action did not accrue until December 10, 1968, the date of the award, and that, therefore, their dramshop suit was brought within the proscribed time limits.

Section 138.5(b) of the Workmen's Compensation Act (Ill Rev Stats 1967, c 48, § 138.5(b)) provides that where

an injury for which compensation is payable was caused under circumstances creating a legal liability for damages on the part of a third person, the employer is entitled to reimbursement from any settlement or payment received by the employee from such third party. That section provides further as follows:

> "If the injured employee or his personal representative agrees to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party."

It further provides that in the event the employee fails to institute proceedings against the third party, the employer may so do at any time ". . . prior to 3 months before such action would be barred by law . . . ."

The plaintiff cites the cases of Elaborated Ready Roofing Co. v. Chicago & W. I. R. Co., 222 Ill App 181, and Star Brewing Co. v. Cleveland, C. C. & St. L. R. Co., 275 F 330, and several cases from other jurisdictions to support the contention that section 138.5(b) of the Workmen's Compensation Act creates a new cause of action in the employer.

Under the old Workmen's Compensation Act, the employer "took over" the rights of the employee to sue the tort-feasor and the employee's own right of action was abolished if the third party was also bound by the act. It was argued by an employer in the case of Schlitz Brewing Co. v. Chicago Rys. Co., 307 Ill 322, 138 NE 658, that the employer's right to sue the tort-feasor must inevitably be a new cause of action, since the employee's right no longer existed and that, therefore, it was not subject to the normal two-year statute of limitations for personal injuries. The Supreme Court rejected that

argument and the theory of the Circuit Court of Appeals (7th Circuit) in Star Brewing and held that the act did not create a new cause of action in the employer but that it was ". . . the same right of action the employee had before the adoption of the act, transferred to the employer, and the same Statute of Limitations applies to a suit by the employer which applied to the employee." The Schlitz case was subsequently followed by the courts in Illinois both before and after the adoption of the new Workmen's Compensation Act. Walsh v. Central Cold Storage Co., 324 Ill App 402, 58 NE2d 325 (1944); Grasse v. Dealer's Transp. Co., 412 Ill 179, 106 NE2d 124 (1952). The lien rights given to the employer by section 138.5(b) were considered in two later cases.

In Danville Producers Dairy v. Preferred Risk Mut. Ins. Co., 33 Ill App2d 359, 179 NE2d 439 (1962) an employee of Danville Dairy was killed in the course of his employment on December 29, 1956. The widow filed a wrongful death action against the third-party tort-feasor on February 1, 1957, and settled the case on December 27, 1957. Notice of the suit had been furnished to Danville who did not intervene in the suit, as permitted by another paragraph of section 138.5(b), but chose to rely on its lien rights. Prior to settlement of the lawsuit, Danville's workmen's compensation carrier commenced compensation payments to the widow and notified the tort-feasor's insurer of a subrogation claim pursuant to the Act. The insurer paid directly to the widow and on December 28, 1959, the compensation carrier brought suit on the wrongful death.

The Appellate Court, first district, affirmed the determination of the trial court that the wrongful death action was barred by the statute of limitations and stated that to hold that the compensation act created a new cause of action would be contrary to the Schlitz and Walsh cases and ". . . unwarranted judicial legislation."

The court further said that the lien right was to be satisfied from the money recovered by the employee and ended, somewhat ambiguously, as follows:

> "And we do not reach the issue of whether within the appropriate period of limitations an employer may enforce his statutory lien as a separate cause of action against a third party or his insurance carrier."

In Employers Mut. Cas. Co. v. Trimon Elevator Co., 71 Ill App2d 124, 217 NE2d 391 (1966) the employee, Richard Moore, was injured on March 15, 1966, while in the employ of Clark-Maple Chevrolet. Moore brought suit against Trimon Elevator as a third-party tort-feasor and the plaintiff, as the carrier for Clark-Maple, notified Trimon of their claim for a lien under the Workmen's Compensation Act. On November 19, 1957, plaintiff sent further notice to Trimon stating that they had compensated Moore in the amount of $1,500 to that date and demanding reimbursement. On February 6, 1963, a settlement was effected in the suit between Moore and Trimon, Trimon paid $4,000 directly to Moore, and the suit was dismissed. On February 25, 1964, plaintiffs brought suit against Trimon and Moore to enforce their lien rights, which was dismissed by the trial court on the grounds of the statute of limitations.

On review, the court discussed the Danville case at length and did not agree that the lien rights of the employer were subject to the same time limitations as those related to the injury itself. The court pointed out that the employer did not bring the action as a subrogee or transferee of the rights of their injured employee, as in the Schlitz case, but ". . . rather is bringing the action in its own name in order to enforce its right against both the employee and the third-party tort-feasor who have failed to give proper regard to the employers' lien

247

rights." The court reversed the trial court and held that the plaintiff's cause of action to enforce its statutory lien accrued on February 6, 1963, the date of the settlement, and was, therefore, timely filed.

In the course of its opinion in the Trimon case, the court stated that "In an interpretation of the (workmen's compensation) statute the court must supply that which is missing from the statute in a manner consistent with the overall purpose of the act and consistent with other cases." The plaintiff has seized upon this language and argues that since the purpose of the Workmen's Compensation Act is to indemnify an employer from third party tort-feasors liable to the employee that his action should not be barred by the limitations of the Dram Shop Act.

As we have seen, the lien rights given to an employer by section 138.5(b) are "upon any award, judgment or fund out of which such employee might be compensated from such third party." Both the Danville and Trimon cases are concerned with the rights of the employer or his insurance carrier against these funds where a lien has been effected although they apparently reach different conclusions. In our case it is not contended that the plaintiff has established or even claimed a lien and, of course, there are no funds against which one could be claimed. Therefore, neither case can be considered as applicable to the situation before us.

■ There is a further significant distinction from the Trimon case. That decision was concerned with an ordinary two-year statute of limitations on personal injury actions, that is, on the remedy itself. As is well known, the time element contained in the Dram Shop Act, being a statute creating a right that did not exist at common law, is not a mere statute of limitation but an integral part of the right itself. "Thus in unmistakable language, the legislature has said that any person having a right of action against a Dramshop keeper cannot bring suit

248

thereon after the expiration of the one-year limitation." Shelton v. Woolsey, 20 Ill App2d 401, 403, 156 NE2d 241; Lowrey v. Malkowski, 20 Ill2d 280, 284, 170 NE2d 147.

Therefore, the failure to commence suit within one year after the date of the accident meant that there was no longer any cause of action in anyone under the provisions of the Dram Shop Act and that there would be no "award, judgment or fund" to which a lien could ever attach. To hold otherwise, regardless of the purpose of the Workmen's Compensation Act, would be a clear distortion of the meaning of the Dram Shop Act. The judgment of the trial court should therefore be affirmed.

Affirmed.

DAVIS, P. J. and SEIDENFELD, J., concur.