**Charles CAMPBELL, Appellant,**

v.

**SONFORD CHEMICAL COMPANY,**
**Appellee.**

**No. 7330.**

Court of Civil Appeals of Texas,
Beaumont.

March 30, 1972.

Motion for Rehearing Overruled
April 27, 1972.

Ernest L. Sample, Beaumont, Strong, Pipkin, Nelson, Parker & Powers, Beaumont, for appellant.

Orgain, Bell & Tucker, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action for damages for personal injuries, generally called a "third party action," under Art. 8307, § 6a, Vernon's Ann.Civ.St., in which defendant's motion for summary judgment was granted. The parties will be referred to by name for clarity.

Charles Campbell filed this suit May 15, 1969, against Sonford Chemical Company, making these allegations: That "in the fall and winter of 1964 and in the spring of 1965" he was an employee of Texas Welding Works which was performing work for Sonford Chemical Company. That he received an injury negligently caused by Sonford Chemical Company while on its premises. That this injury occurred on or about December 10, 1964, "either in the winter of 1964, or in the spring of 1965." That such injury was caused by specific acts of negligence or that he should recover under the doctrine of res ipsa loquitur.

Texas Employers' Insurance Association filed a petition in intervention on June 26, 1969, making these allegations: That it was the compensation carrier for Texas Welding Works and that it paid Charles Campbell $618 on account of the injury he received on or about December 10, 1964.

That it was subrogated to the rights of Charles Campbell for the sum of $618 against Sonford Chemical Company under the terms and provisions of the Workmen's Compensation Act. That it adopted all of the allegations contained in plaintiff's original petition.

Sonford Chemical Company filed its answer and among other pleadings, alleged that the cause of action was barred by the two-year statute of limitations, Art. 5526, V.A.C.S.

Charles Campbell filed a supplemental petition alleging that "this suit was commenced in less than two years from the payment of benefits under the Workmen's Compensation Law of the State of Texas, and that the statute of limitation was tolled from the date of his injury until the date of the final determination of his rights under the Compensation Law, and the payment of benefits thereunder."

Sonford Chemical Company filed its motion for summary judgment in which it alleged in substance: That Charles Campbell was injured December 10, 1964, but did not file his claim for compensation with the Industrial Accident Board until September 8, 1967. That appeal was taken from an award by the Board and judgment entered May 7, 1969, and that this suit was not filed until May 15, 1969. That the present suit was barred by the two-year statute of limitation because no compensation claim was filed for more than two years after the date of the injury which could have served to toll the statute of limitation. A copy of the Notice of Injury and Claim for Compensation was attached to the Motion for Summary Judgment.

Charles Campbell filed a reply to such motion alleging the following in substance: That he had good cause for not filing his claim for compensation within six months from the date of his injury and that such matter was adjudicated in the compensation suit he filed. That final judgment was entered in his compensation suit on May 7, 1969, and this present suit was filed within eight days from the entry of such judgment and in less than a week from the date of payment of the compensation benefits.

An affidavit made by Charles Campbell was attached to his reply to the motion for summary judgment in which he stated: The matters stated in his reply were true and correct. That he did not receive any compensation and did not realize he had a claim for compensation benefits within six months from the date of his injury. Also attached to Campbell's reply to such motion was his reply to a motion for summary judgment made by Texas Employers' Insurance Association in the compensation suit for the purpose of demonstrating good cause.

The parties to this appeal agree that the precise point raised on this appeal presents a question of first impression. Our independent research leads us to the same conclusion. We agree with the trial court that a claimant must make an election under Sec. 6a of Art. 8307, V.A.C.S., within two years from the date of his injury.

█ It is fundamental law that a common law action for damages for personal injuries because of negligence is controlled by Art. 5526, V.A.C.S. Citation of authorities as to that proposition is unnecessary. Therefore, if no compensation claim and suit had been filed by Charles Campbell there would have been no question but that the two-year statute of limitation would have been applicable.

In 1917, the legislature of this state added Sec. 6a to Art. 8307, V.A.C.S. to the Workmen's Compensation Law, and a great deal of uncertainty has existed since its enactment. The vital part of that section as applied to this law suit is contained in the first sentence which reads as follows:

"Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than

the subscriber to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law."

Although the next sentence uses the word "subrogated" in referring to the association, we find many of the courts of this state using the word "recoupment" in describing the nature of the cause of action created for the association. It is noted that there is no mention in this section or elsewhere in the compensation statutes that a claimant is to have what we now commonly call a "third party action."

█ We have concluded from a careful study of all of the cases we have been able to find on the subject that in a case where the injury for which compensation is payable under Workmen's Compensation Law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages for such injury, if the injured employee elects to proceed against the compensation carrier, then the statute of limitation as to the third party action is tolled during the pendency of the compensation claim. We hold the filing of a claim for compensation constitutes the "election" and the "tolling" of the statute continues until the ultimate disposition of the compensation claim through its regular channels.

█ Both the wording of Section 6a and the cases construing it make it clear that an injured employee can neither file suit against the third party nor release such third party before disposing of his compensation claim and thereafter recover under the compensation law. However, even though the matter is not mentioned in the Workmen's Compensation Law, the courts have held uniformly that an injured employee may proceed against the third

party after the compensation claim is dispose of. See Hart v. Trader & General Ins. Co., 144 Tex. 146, 189 S.W.2d 493 (1945); Fort Worth Lloyds v. Essley, 235 S.W.2d 700 (Tex.Civ.App., Galveston, 1950, error ref.); Warneke v. Argonaut Insurance Company, 407 S.W.2d 834 (Tex.Civ.App., El Paso, 1966, error ref. n. r. e.); and Texas Employers' Ins. Ass'n v. Brandon, 126 Tex. 636, 89 S.W.2d 982 (1936).

It is also clear that an injured employee cannot proceed against the compensation carrier and the third party in the same suit. See Fidelity Union Casualty Co. v. Riley, 26 S.W.2d 682 (Tex.Civ.App., Dallas, 1930, no writ); and Robertson v. C. A. Bryant Co., 127 S.W.2d 549 (Tex.Civ. App., Dallas, 1939, error dism., judgm. cor.).

In arriving at our ultimate conclusion in this case, we must take into consideration that Sec. 4a of Art 8307, V.A.C.S., provides for filing of a claim for compensation within six months but that strict compliance can be waived for good cause. The cases are too numerous to mention recognizing the various grounds as constituting good cause, some of them extending past two years from the date of the injury. See Texas Employers Insurance Association v. Sapien, 458 S.W.2d 203 (Tex.Civ. App., El Paso, 1970, error ref. n. r. e.); Texas Employers Ins. Ass'n v. Guidry, 128 Tex. 433, 99 S.W.2d 900 (1937); and Texas Employers' Ins. Ass'n v. Fricker, 16 S. W.2d 390 (Tex.Civ.App., Amarillo, 1929, error ref.).

█ We also must consider the rationale of many of our cases that the right of subrogation on the part of the compensation carrier is a part of the Workmen's Compensation Law and a valuable right. If the injured employee causes the compensation carrier to lose the right to be subrogated by release or judgment, then the employee cannot recover on his compensation claim. See Hart v. Trader & General Ins. Co., supra; Warneke v. Argonaut Insur-

ance Company, supra; and Texas Employers' Ins. Ass'n v. Brandon, supra.

■ The logical conclusion to draw from all of the foregoing statements of law is that the making of an election by the injured employee under Section 6a to proceed against the compensation carrier by filing a claim for compensation with the Industrial Accident Board merely tolls the statute of limitation and does not revive a cause of action already barred. The natural result of this holding is that in the situation described in Section 6a (injury received under circumstances creating legal liability in some third party), the employee must make his election within two years from the date of his injury. Otherwise, his cause of action against the third party would be barred by the two-year statute of limitation and his claim for compensation would be lost because the compensation carrier would have lost its right of subrogation. This would have the legal effect of limiting "good cause" to the same two year period of time in the circumstances described in Section 6a.

This also means the two year period of time would have no application to the situation *not* arising under Section 6a and the law in reference to "good cause" would remain as it is presently. It would be presumed that Section 6a was not applicable in any compensation case filed and the burden would be upon the compensation carrier both to plead and prove that the injured employee receive his injury under circumstances creating legal liability in a third person.

■ We do not believe it was the intention of the legislature to amend Art. 5526, V.A.C.S., by indirection and extend the limitation period from two years to 401 weeks. The basic reasons for statutes of limitation are too compelling for such a result to be reached in the absence of specific legislative authority.

■ We believe the law of this case is the most equitable solution to the problems

arising in this type of case. Thus, the provisions of Sec. 6a of Art. 8307, V.A.C.S., and Art. 5526, V.A.C.S., are placed in harmony, not in conflict.

Judgment affirmed.