Charles CAMPBELL et al., Petitioners,

v.

SONFORD CHEMICAL COMPANY,
Respondent.

No. B–3380.

Supreme Court of Texas.

Nov. 15, 1972.

Rehearing Denied Dec. 13, 1972.

Louis V. Nelson, Ernest L. Sample, Beaumont, for petitioners.

Orgain, Bell & Tucker, Howell Cobb, Beaumont, for respondent.

PHILLIPS, Justice.

Charles Campbell filed suit for personal injury against Sonford Chemical Company,

respondent herein, on May 15, 1969, alleging that he was an employee of Texas Welding Works and was injured on the job due to the negligence of Sonford while performing work for Sonford in the fall and winter of 1964 and spring of 1965.

Texas Employers' Insurance Association intervened, asserting that it was the compensation carrier for Texas Welding Works, had paid Campbell $618 compensation for his injury and, by reason of Article 8307, Section 6a,[1] it was subrogated to the rights of Campbell to this extent. Sonford Chemical Company filed a motion for summary judgment alleging that Campbell's claim against it was barred by the two-year statute of limitations, Article 5526, since Campbell had been injured in 1964 and had not filed his claim with the Industrial Accident Board until September 8, 1967. Campbell answered that he had good cause under Section 4a for not filing his claim, that this matter had been adjudicated favorably to him and final judgment in his compensation suit was not entered until May 7, 1969, just a little over a week before his cause of action against Sonford was filed.

The trial court granted Sonford's motion for summary judgment and the Court of Civil Appeals affirmed. 480 S.W.2d 237. We reverse and remand for trial on the merits.

The Court of Civil Appeals reached its decision on the basis that the general statute of limitations, Article 5526, applies to the employee's claim against a third party and that the effect of filing a claim with the Industrial Accident Board merely tolls the running of this statute. Consequently, a claim which was filed more than two years after the date of the injury cannot toll the statute because the statute would have already run its course and the claim would have been barred and could not be revived by subsequent action on the part of the employee.

This reasoning is not without support from authorities in some other jurisdictions. 8 Appleman, Insurance Law & Practice 528, § 4982, states that it has been held that the insurer's action against a tortfeasor is governed by the statute of limitations pertaining to personal injuries or wrongful death. To this effect, see Super Valu Stores, Inc. v. Stompanato, 128 Ill.App.2d 243, 261 N.E.2d 830 (1970); Employers Mut. Liability Ins. Co. v. Brown Wood Preserving Co., 298 Ky. 194, 182 S.W.2d 30 (1944); Thomas v. Matthews Lumber Co. of Mansfield, Inc., La.App., 201 So.2d 357, affirmed 253 La. 1, 215 So.2d 832 (1967); and American Mutual Liability Ins. Co. v. Reed Cleaners, 265 Minn. 503, 122 N.W.2d 178 (1963).

On the other hand, other jurisdictions have followed different rules, one of which is set out in 18 Couch, Cyclopedia of Insurance Law 2d 731, § 75:39, to the effect that statutes which provide that an employer or insurer who becomes obligated to an employee for compensation may bring an action against a third party to recover the compensation which he has paid, create a new right of action and limitation begins to run against this new right of action from the time it was created rather than from the date of the original injury. See Limited Mut. Compensation Ins. Co. v. Billings, 74 Cal.App.2d 881, 169 P.2d 673 (1946).

The compensation laws of the State of Texas have been in existence for many years. Article 8307, Sections 4a and 6a, was passed in 1917. In the case of Holloway v. Texas Indemnity Ins. Co., 40 S.W. 2d 75 (Tex.Com.App.1931, jdgmt. adopted), the Court stated that Section 4a "operates to remove all cases arising under the Workmen's Compensation Law from the statute of limitation applicable in ordinary personal injury cases." This rule has consistently been followed by the courts of this state and it is well settled that limitation runs against the carrier or the employee

---

1. All statutory references are to Vernon's Texas Revised Civil Statutes Annotated.

in third-party actions authorized by Section 6a from the date of the payment of the award of the Industrial Accident Board or the entry of final judgment against the carrier. Mourning v. Crown Stevedoring Company, 417 S.W.2d 725 (Tex.Civ.App.—Waco 1967, no writ); Judice v. Sumner Sollitt Company of Texas, 346 S. W.2d 135 (Tex.Civ.App.—Beaumont 1961, writ ref'd n. r. e.); Thompson v. Graham, 318 S.W.2d 102 (Tex.Civ.App.—Eastland 1958, writ ref'd n. r. e.); Brooks v. Lucky, 308 S.W.2d 273 (Tex.Civ.App.—Beaumont 1957, writ ref'd n. r. e.); Texas Employers' Ins. Ass'n v. Texas & P. Ry. Co., 129 S.W. 2d 746 (Tex.Civ.App.—Eastland 1939, writ dism'd jdgmt. cor.); and Fidelity Union Casualty Co. v. Texas P. & L. Co., 35 S.W. 2d 782 (Tex.Civ.App.—Dallas 1931, writ ref'd).

■ The mere filing of a claim with the Industrial Accident Board even if filed timely does not toll the statute of limitations. Should a claimant attempt to invoke the provisions of our Workmen's Compensation Law and be unsuccessful in this attempt, he is still governed by the provisions of Article 5526, our general limitations statute. If such claimant is unsuccessful and his case is in litigation for more than two years before a final judgment is entered against him, he would then be barred from prosecuting a claim against a third party. See Garza v. Sumrall, 267 S.W.2d 912 (Tex.Civ.App.—San Antonio 1954, writ ref'd). It is only when he satisfies the provisions of the Workmen's Compensation Law and is entitled to recover thereunder that the cause of action is removed from operation of the provisions of Article 5526.

■ The rule in Texas may be stated as follows: When a claimant elects to proceed under workmen's compensation statutes and qualifies for an award thereunder, the cause of action of the compensation carrier does not accrue against a third party until the amount of the award made by the Industrial Accident Board is paid by the carrier or until the claimant obtains a final judgment in a court of competent jurisdiction against such insurance carrier. When either of these events occur, the cause of action matures against the third party and the suit authorized by Section 6a must be filed on such cause of action either by the carrier or by the insured within two years from that date. Fidelity Union Casualty Co. v. Texas P. & L. Co., supra. This Court has recognized in the past in other types of cases that limitation runs from the date the cause of action accrues rather than from the date of the original accident or injury. See Hernandez v. Great American Ins. Co. of N. Y., 464 S.W.2d 91 (Tex.1971).

We recognize that this rule may, on occasion, work an injustice on the third-party defendant because of the delay in pursuing the cause of action against him. The fault, however, lies in the requirement of Section 6a, which provides that the employee waives his claim for compensation if he proceeds against the third party prior to final determination of the claim. We would strongly urge that the Legislature consider an amendment of Article 8307, Section 6a, to allow the injured workman to file a third-party action without thereby losing his compensation rights. The third-party rights should then be governed by Article 5526.

The judgments of the trial court and the Court of Civil Appeals are reversed and the cause remanded for trial on the merits. All costs of this appeal are taxed against Sonford Chemical Company, the respondent herein.

Dissenting opinion by POPE, J., in which GREENHILL, C. J., joins.

POPE, Justice (dissenting).

I respectfully dissent. This is a suit for common law recovery of damages, and while it may be said that the insurer's action did not accrue until the time stated in the majority opinion, the same may not

be said of the injured employee's claim. His action was not asserted against the third party until two years and nine months after his injury. The Legislature, as to workmen's compensation, has said that good cause will excuse the late filing of a compensation claim. The Legislature has not made such an exception in the case of a common law third party action.

GREENHILL, C. J., joins in this dissent.